EX PARTE H. W. HEILING.

No. 17664. Delivered May 1, 1935.

The opinion states the case.

*J. Bouldin Rector,* City Atty., and *A. L. Love,* Asst. City Atty., both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the District Court of the 53rd Judicial District of Texas declining to discharge the relator from the custody of a constable of Precinct No. 3 of Travis County who holds the relator in custody by virtue of a warrant of arrest issued out of the justice court of said precinct by the justice thereof upon a complaint filed in said court charging relator, who was a policeman in the city of Austin, an incorporated city having a population of more than ten thousand inhabitants according to the Federal Census Report of 1920, with the offense of unlawfully arresting one Clarence Brown, who, in violation of the law, operated an automobile along and upon the streets of said city at a greater rate of speed than 20 miles per hour, because relator at the time of arresting said Brown did not then have a diamond shaped badge displayed and visible on any part of his body nor did he then and at that time wear a uniform consisting of a cap, coat and trousers of dark gray or blue color, and that relator designedly laid in wait and remained in hiding in order to trap those violating the speed law, and that relator did in an automobile pursue the automobile in which the said Brown was riding and did then and there arrest said Brown, contrary to articles 803a and 803b of the penal statutes of the State of Texas.

Relator contends that article 803a, as amended by the Acts of the 5th Called Session of the 41st Legislature, is unconstitutional, in this, that said act does not apply to an arrest made within the incorporated limits of a city or town having a popu-

lation less than ten thousand inhabitants according to the Federal Census Report of 1920, nor does it apply to incorporated towns or cities which had a population less than ten thousand inhabitants according to the Federal Census Report of 1920 but which has increased to ten thousand inhabitants or more since the Federal Census Report of 1920, and therefore is a local or special law and is contrary to article 3, section 56 of the Constitution of Texas. Sutherland on Statutory Construction, 2d Ed., p. 397, reads as follows: "A classification based upon existing or past conditions or facts and which would exclude persons, places, things or objects thereafter coming into the same situation or condition is special and void. Thus a classification of states or counties based upon existing population or upon population shown by specified census reports is of this character." In the case of Smith v. State, 49 S. W. (2d) 739, this court held a statute which relates to persons or things as a class is a general law, while a statutes which relates to particular persons or things of a class is special and comes within the constitutional inhibition. In the case of Scoggin v. State, 38 S. W. (2d) 594, this court held article 803a of the Acts of the 2nd Called Session of the 41st Legislature unconstitutional. Said Act, as amended by the 5th Called Session of the 41st Legislature, is identical with the Act of the 2nd Called Session of the 41st Legislature, with two exceptions: One is that any peace officer who wilfully violates any provision of said Act shall, upon conviction, be fined in any sum not exceeding two hundred dollars. The Attorney-General or any county attorney may institute quo warranto proceedings to oust from office any official violating any provision of said Act or permit any deputy to do so. The other is that the provision in said Act pertaining to motor equipment and uniform shall not apply to an arrest made within the incorporated limits of a city or town having a population less than ten thousand inhabitants according to the Federal Census Report of 1920.

Hence it will be observed that article 803a, as amended, is not materially different from article 803a as originally enacted by the 2nd Called Session of the 41st Legislature. Therefore, the same rule of construction as applied to the original article would apply to the amended article above referred to. We do not deem it necessary to enter upon an extended discussion of the act in question but content ourselves with referring to the case of Scoggin v. State, supra, where the question under consideration has been fully discussed in an original opinion rendered by Judge Lattimore and in an opinion rendered by Presiding Judge Morrow on a motion for rehearing. The rule of

construction adopted by this court in the case of Smith v. State, supra, applies with equal force to the case under consideration.

Having reached the conclusion that the Act is unconstitutional, the order of the court declining to release relator is reversed, and relator is ordered discharged.

> *Order reversed, and relator ordered discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.