## I. O. SCOTT v. THE STATE.

No. 19397. Delivered February 9, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, and *H. S. Beard,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of violating the speed law and his punishment was assessed at a fine of $5.

The State's testimony shows that on the 6th day of June, 1937, the sheriff of Coryell County, accompanied by his deputy, were traveling on highway number seven from Gatesville to Waco. They observed appellant in his automobile traveling at the rate of about seventy-five miles per hour and undertook to arrest him. In their efforts, they ran him through the town of Gatesville to a point several miles beyond said town, where appellant's car bogged down in soft ground. The sheriff and his deputy were dressed in plain citizens clothes and had no warrant for his arrest. Appellant offered no affirmative testimony.

He asserts two grounds as to why his conviction is not authorized by law. First, because the officers had no warrant for his arrest; second, because they were not clothed in certain uniforms and had no official badge displayed on their persons.

Appellant is mistaken in both of the positions taken by him. Article 803, P. C., gives officers the authority to arrest persons without warrant who operate automobiles upon the public highways in excess of forty-five miles per hour and deal with them as provided by Article 792, P. C. His second contention is of no merit; in the case of Ex parte Heiling, 128 Texas Crim. Rep. 399, this Court held that the statute requiring officers to wear certain uniforms, caps and official badges, was in contravention of the State Constitution.

Appellant objected to certain remarks made by the district attorney in his closing argument to the jury, and which he has brought forward for consideration by proper bills of exception. After a careful review of these matters, we have reached the conclusion that they are without merit and fail to show reversible error.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in this motion alone of the insufficiency of the testimony. The statement of facts is short, containing the testimony of only two witnesses, Joe White, the sheriff, and E. C. Ritchie, his deputy. Appellant's car seemed to have been stopped about five miles east of Gatesville in Coryell County, and as the sheriff and his car approached the point where appellant was, he started off at a high rate of

speed, and, according to the testimony, he seemed to have increased such speed until he was moving at the rate of seventy-five or eighty miles per hour. In his flight he soon reached Gatesville, and reducing his speed to about sixty miles per hour, he went through the town. He again accelerated his speed to about seventy miles until he struck a muddy road, and in his haste he finally got out of the ruts in the road and mired down in the mud, and was captured by the sheriff. Both of the officers place his speed at about the same rate, and he would doubtless have outdistanced them had it not been for the unfortunate selection of the muddy road. It seems to us that his complaint should have been directed to the Highway Department relative to the upkeep of the muddy highways rather than to the sufficiency of the evidence.

It seems to us that the evidence is sufficient, and the motion will be overruled.