

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 13, 1939

Mr. Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:

Opinion No. O-317
Re: Authority of sheriff, constable
and deputy of either, to make an
arrest without warrant, for vio-
lation of highway laws?

Your request for an opinion as to the right
of a sheriff, deputy sheriff, constable or deputy con-
stable to make an arrest without a warrant for a viola-
tion of the highway laws when such officer is not
clothed as provided in Article 803b of the Penal Code,
has been received by this Department.

The general law on this subject is Article
803 R. C. S., which reads as follows:

"Any peace officer is authorized to
arrest without warrant any person found
committing a violation of any provision
of the preceding articles of this chapter."

Your letter of request discusses the two
most recent cases relating to your question. However,
in our opinion, the case of Ex Parte Heiling, 82 SW
(2d) 644, goes further than merely holding that Arti-
cle 803a was unconstitutional because it was a spe-
cial law. It holds that Article 803a, as enacted by
the Fifth Called Session of the 41st Legislature was
not materially different from 803a as amended by the
Second Called Session of the 41st Legislature and ap-
plying the rule of construction of the Scoggins case,
supra, the requirement of a uniform was unconstitutional.

The case of Scott vs. State, 114 SW (2d) 564, referred to in your letter, agrees with the "Heiling case" in holding that the statute requiring officers to wear certain uniforms, caps and official badges was in contravention of the State Constitution.

These two cases rely on the decision of the court and the opinion of Judge Lattimore of the Court of Criminal Appeals in the case of Scoggins vs. State, 38 SW (2nd) 592. Judge Lattimore held that the requirement of officers to wear certain types of badges, caps and uniforms was in violation of Section 1, Article 2 of our Constitution in that it was an unwarranted interference of one branch of our government with another. He further stated that the requirement was in contravention of our Bill of Rights, Section 19, Article 1 of our Constitution which forbids any citizen of this State to be deprived of property, privileges and immunities except by due course of the law, and to compel, by statute, an officer to acquire certain raiment before he can adequately enforce the laws or protect the public of his community from all the pervading speed fiends was a violation of our Constitution.

On motion for re-hearing in the Scoggins case, Judge Morrow wrote the opinion, denying the motion for re-hearing. In addition to the matters discussed in the opinion of Judge Lattimore, Judge Morrow called attention to the fact that Chapter 47, Section 1 of the Acts of the 41st Legislature required the peace officers making arrests for violation of the highway laws to wear a prescribed uniform. Nothing in Chapter 47 or elsewhere in the Statutes require that peace officers wear uniforms in discharging their duties, but under the terms of Chapter 47, Section 1, if the peace officer does not wear a uniform, he cannot obey the general law and arrest one violating the highway laws. If Article 803b is valid, the option is with the officer to wear a uniform and enforce the highway laws, or leave off his uniform relieving himself of the duty to enforce that law, which in effect, suspends the law. That is in violation of Article 1, Section 28 of the Constitution of Texas, providing that:

"No power of suspending laws in this State shall be exercised except by the Legislature."

Article 803b is the latest effort of the Legislature to require the officers of this State to wear a badge at a certain place on his body, to wear a cap, coat or blouse and trousers of named colors before he can make an arrest for a violation of the highway laws of this State, though he is authorized by Article 803 to make such an arrest. In our opinion, the Legislature is attempting to do what Judge Lattimore in the "Scoggins case" said they could not do. We think that the requirement of a uniform in Article 803b violates the Constitution of Texas for the reasons given in the opinions of Judge Morrow and Judge Lattimore.

It is the opinion of this Department that a sheriff, constable, or deputy of either, may make an arrest without a warrant for a violation of the highway laws of this State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    /s/    Morris Hodges
Morris Hodges
Assistant

MH:AW:mjs

Approved:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS