Joe Alexander **DOUGHERTY**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–87–0079–CR.

Court of Appeals of Texas,
Amarillo.

Feb. 10, 1988.

Rehearing Denied March 8, 1988.

Miller & Herring, James C. Herring, Amarillo, for appellant.

Donald L. Bookout, Co. Atty., Tulia, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Joe Alexander Dougherty appeals from his conviction of the misdemeanor offense of driving while intoxicated and his jury-assessed punishment of 14 days confinement in the Swisher County jail and a fine of $1,000. The 14 days jail confinement and $600 of the fine were probated for a period of one year. In one point, appellant says his motion to dismiss should have been granted because the arresting officer was not in proper uniform and could not, therefore, arrest for a traffic violation. Although we have not been favored by the State with a brief contesting this conclusion, for reasons hereinafter set out, we affirm the judgment of conviction.

On October 31, 1986, in Happy, appellant was arrested by Billy Frank Andrews. Although Andrews testified that he was the City Marshall of Happy, the State stipulated that he was a constable and is bound by that stipulation. It has also been stipulated that Andrews was not dressed in the attire prescribed by Texas Revised Civil Statutes Annotated article 6701d–9 (Vernon 1977). That article, in pertinent part, reads as follows:

> No Sheriff, Constable, or Deputy or either, shall have authority to arrest or accost any person for driving a motor vehicle over the highways of this State in violation of the law relating to motor vehicles unless he is at the time wearing on his left breast on the outside of his garment so that it can be clearly seen a badge showing his title, and unless he is also wearing a cap, coat or blouse, and trousers of dark grey color, or dark blue, which cap and other uniform shall be of the same color.

This statute, in its material aspect, *i.e.*, the requirement that in order to make a valid arrest for a violation of the law pertaining to the operation of motor vehicles, an officer must be dressed in certain specified attire, is significantly similar to the statute considered by the Court in *Scoggin v. State*, 117 Tex.Cr.R. 294, 38 S.W.2d 592 (1931). In that case, the Court considered a statute which forbade an officer to make an arrest for violation of automobile speed

laws "unless he wear a diamond-shaped badge and a cap, coat, and trousers of blue or dark gray." *Id.* at 592. That particular statute was carried as Texas Revised Civil Statutes Annotated article 6701d–8 (Vernon 1977) and was repealed by Acts 1981, 67th Legislature, page 956, chapter 361, section 1, effective August 31, 1981. In its original opinion, the Court held the statute unconstitutional, because, in the Court's words:

> The wearing of one kind or color or cut of clothes can by no stretch of the imagination be held, ipso facto, to legitimately affect the legality or fairness of an arrest of one charged with crime, and in our opinion such statute as that above discussed is an unwarranted interference by one branch of our government with another.

38 S.W.2d at 593. En route to that conclusion and in the rather florid language of the era, the Court made the following observations:

> Sheriffs and state rangers, as well as rural constables out in the wide open spaces from Texline to Brownsville, may, under our law, arrest in whatsoever garb they please or may happen to have on when the occasion arises—offenders for murder, robbery, theft, etc.; but under the terms of chapter 47, *supra*, they may not in any way engage in the arrest of one whose offense is the dangerous one of driving a car at a rate of speed in excess of forty-five miles per hour on our public highways, unless such officers not only have a uniform consisting of a diamond badge, a cap and coat and trousers of blue or dark grey, but also have it on at the very time they make such arrest.
>
> *        *        *        *        *        *
>
> To give effect to this law in these days when every man with a wheelbarrow income must needs have his automobile and strain every nerve to keep up with the procession, and make every effort to see who can get there the quickest, the officer who wants to do his duty can never be without his faithful badge, cap, and coat and pants of blue or dark grey. The logic of the giving effect to a statute

like this would be that, if the Legislature saw fit and was willing to go to that extent, they might say that officers seeking to arrest for murder must wear a garb of a certain color, cut, and texture, another when the offense is rape, still another when the offense is hijacking, etc., and that the courts will uphold such legislation. The mere statement of such a proposition demonstrates its folly.

*Id.*

The original holding was apparently strenuously contested by both Scoggins and the State. In response to a motion for rehearing, and in additional explication and affirmation of its prior holding, the Court authored a rather extensive opinion. In the course of that opinion, the Court collated and composed the various statutes of the state authorizing arrests, prescribing the duties and obligations of peace officers of this state. The Court emphasized the mandated obligation of peace officers to enforce the law, with prescribed penalties if they do not do so. It also noted and emphasized the proviso of Texas Constitution article 1, section 28 that "No power of suspending laws in this state shall be exercised, except by the legislature." 38 S.W. 2d at 595.

Based upon that collation, the Court posited that, under the terms of the statute:

> ... if he does not wear the uniform, he cannot obey the general law and arrest the offender. The option is with the officer to enforce the law or suspend it as he pleases. He may at one hour obey the law and at the next hour discard the uniform and suspend the law demanding the arrest of violators thereof.

*Id.* at 595.

That being the case, the Court continued:

> There is nothing, however, in the statute which requires him [the officer] to wear a uniform, and without a uniform he can make no such arrest. The right and duty of arrest, therefore, depends, not upon the mandate of the law, but upon the option of the officer.

*Id.* at 596. Based upon its expressed observations, the Court adhered to its previous conclusion that the statute was uncon-

stitutional. The Court's holding in *Scoggins* was noted and approved in *Ex parte Heiling*, 128 Tex.Cr.R. 399, 82 S.W.2d 644, 645 (1935).

The statute considered by the Court in *Scoggins* is so similar in its provision to that here in question as to make the Court's reasoning analogous and its holding determinative of our decision in this case. We, therefore, hold that article 6701d–9 is unconstitutional for the reasons expressed by the Court of Criminal Appeals in the *Scoggins* case. Appellant's point of error is overruled and the judgment of conviction affirmed.