**Joe Alexander DOUGHERTY,
Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 397–88.

Court of Criminal Appeals of Texas,
En Banc.

June 21, 1989.

James C. Herring, Amarillo, for appellant.

Robert Huttash, State's Atty. and Matthew W. Paul, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted in the Swisher County Court for driving while intoxicated. See Art. 6701*l*–1, V.T.C.S. The jury assessed punishment at 14 days' confinement in the county jail and a $1000 fine; all of

the jail time and $600 of the fine was to be probated over a one year period.

On appeal, appellant asserted that the trial court erred when it failed to grant his motion to dismiss the prosecution because the arresting officer was not wearing the uniform statutorily prescribed for certain peace officers when making arrests for violations of laws relating to motor vehicle operation.[1]

Justice Boyd, writing for the Seventh Court of Appeals, declared Art. 6701d–9 unconstitutional. *Dougherty v. State,* 745 S.W.2d 107 (Tex.App.—Amarillo 1988). The Court of Appeals based its decision on the reasoning of *Scoggin v. State,* 117 Tex. Cr.R. 294, 38 S.W.2d 592 (1931). On discretionary review, the State argues that Art. 6701d–9 is also unconstitutional on equal protection, equal rights, due process, and due course of law grounds.

We decline to rule on these additional grounds raised by the State, since we also find *Scoggin* controlling. *Scoggin* held former Article 803a, V.A.P.C. unconstitutional.[2]

We adopt the reasoning of the Court of Appeals and hold that Article 6701d–9 is unconstitutional on its face for the reasons expressed by the court below.

Appellant's ground for review is overruled.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., joins the judgment of the Court, but not on the same strained theory of unconstitutionality honored more in its breach, this 1931 statute has simply fallen behind the times.

TEAGUE, J., dissents.

---

1. Article 6701d–9 provides: No Sheriff, Constable, or Deputy of either, shall have authority to arrest or accost any person for driving a motor vehicle over the highways of this State in violation of the law relating to motor vehicles unless he is at the time wearing on his left breast on the outside of his garment so that it can be clearly seen a badge showing his title, and unless he is also wearing a cap, coat or blouse, and trousers of dark grey color, or dark blue, which cap and other uniform shall be of the same color. Provided, if any person shall violate the provisions hereof, he shall be guilty of a misdemeanor and shall be punished as provided in Section 3 hereof, and if any officer charged by law so to do shall refuse to take any complaint or prosecute the same, he shall be removed from office.

2. Former Article 803a was later recodified as Art. 6701d–8, V.T.C.S., and Art. 6701d–8 was repealed by Acts 1981, 67th Legislature, page 956, chapter 361, section 1, effective August 31, 1981. Art. 6701d–8 provided, in pertinent part:
    No officer shall have authority to make any arrests for violation of the laws of this State relating to the speed of motor vehicles unless he is at the time of such arrest wearing a uniform and badge clearly distinguishing him from ordinary civilians or private citizens, ... (T)he badge herein required to be worn by an officer making an arrest shall be diamond-shaped and the uniform prescribed to be worn by such officer or officers shall consist of a cap, coat, and trousers of dark grey color, provided that the uniform worn by city po-

licemen within the corporate limits of an incorporated city or town may be either blue or dark grey in color.
*Scoggin,* 38 S.W.2d at 594.
This Court held in *Scoggin* that Art. 6701d–8 (then Art. 803a, V.A.P.C.) violated the separation of powers provision of the Texas Constitution because it constituted "an unwarranted interference by one branch of our government with another." *Scoggin,* 38 S.W.2d at 593. We noted that such a regulation could in no way affect the legality or fairness of an arrest. *Id.* We also held that the uniform requirement deprived law enforcement officers of property without due course of law because it might compel officers to purchase their own clothing. *Id.* On Motion for Rehearing (which was denied), Presiding Judge Morrow offered a third reason for the statute's unconstitutionality: violation of Article I, Section 28 of the Texas Constitution which prohibited suspension of the laws except by the Legislature. *Id.* 38 S.W.2d at 595. He reasoned that nothing in Texas law required peace officers to wear their uniforms, but that this statute prohibited officers from arresting for speeding when not properly clad, thus allowing officers to suspend the speeding laws at will by not wearing their uniforms. *Id.* Our *Scoggin* holding was noted and approved in *Ex parte Heiling,* 128 Tex.Cr.R. 399, 82 S.W.2d 644 (1938) and *Scott v. State,* 134 Tex.Cr.R. 191, 114 S.W.2d 564 (1938). Attorney General's opinions concurred with *Scoggin* and its progeny, both as to Art. 6701d–8 and to the article in question, 6701d–9. Op.Atty.Gen. 1939, Nos. 317, 431.