## MERRIMAN v. STATE. (No. 12687.)

Court of Criminal Appeals of Texas.

June 12, 1929.

Rehearing Denied Oct. 23, 1929.

J. T. Kelly, of Dallas, for appellant.

William McCraw, Cr. Dist. Atty., and Andrew J. Priest, Asst. Dist. Atty., both of Dallas, Tex., and A. A. Dawson, State's Atty., of Austin, Tex., for the State.

LATTIMORE, J. Conviction for rape; punishment, death. On its facts this case presents one of the most horrible and inexcusable outrages upon a young woman of unquestioned virtue and character that has been called to our attention. Three young women were out riding with some young men friends. The car in which they were was hailed by that in which appellant and a companion were, and at the point of pistols the young men with the young women were forced to leave, and the young women were made to get into the car of appellant and his companion. They were taken to a point out in the country not far from Dallas, where they were ravished. The defense in this case was that of insanity.

Bill of exceptions No. 1 is to the refusal to charge that, when the testimony raises the issue of insanity, the burden is on the state to prove the accused sane when the offense was committed. This is not the law. King v. State, 9 Tex. App. 515; Hurst v. State, 40 Tex. Cr. R. 378, 46 S. W. 635, 50 S. W. 719. Special charge No. 3, seeking to have an instruction in line with appellant's contention in this regard, was properly refused. The charge telling the jury that the burden was on the appellant to show insanity is in line with all the holdings in this state.

There are a number of bills of exception in this record, presenting matters said to be raised by exceptions, which are qualified by the trial judge by stating that no such exceptions were taken, or that, if the objections mentioned were made, they were sustained, or by other qualification which makes plain that the bill is of no merit. This includes bills of exception Nos. 4, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22. Bill of exceptions No. 6 complains that testimony was admitted whose effect might be to show appellant guilty of robbery. It is perfectly plain, from the statement of facts and from the qualification placed upon this bill by the

trial judge, that the actions of the appellant and his companion in taking from the young women their personal possessions were part of the development of the entire transaction connected with and a part of this assault. What has just been said applies to the conduct of appellant and his companion in putting their hands on the young women in question as they went from the place where the latter were made to get into appellant's car to the place where the rape was actually committed, complaints of which appear in bills of exception Nos. 7 and 8.

We have carefully considered each one of the bills of exception above referred to, and not here at any length discussed, and, owing to the serious nature of this offense and the gravity of the penalty, we would discuss them at length, if any sort of good would result. No question would be discussed of information to the profession, or which would be necessary to a full understanding of the decision of the court. None of the bills of exception show any error.

The judgment will be affirmed.

### On Motion for Rehearing.

MORROW, P. J. In his motion for rehearing the appellant asks for a reconsideration of practically the same questions that were before the court on the original hearing.

Upon one of the streets of the city of Dallas, at night, in an automobile, were three young men and three girls. The girls were Ethel Kirby, Mattie Sue Todd, and Mae Sanderson. The car was stopped for the purpose of examining a tire, when Merriman, the appellant, and his companion, Aldridge, appeared in an automobile, and, presenting pistols, drove the boys away on the threatened penalty of death, and forced the girls into the car of the appellant and Aldridge. After driving a distance of several miles in a period of about 15 minutes, Ethel Kirby and Mattie Sue Todd were ravished by force, and Mae Sanderson was assaulted with intent to rape. The actual act of intercourse with Mattie Sue Todd was by the appellant, and the act of intercourse with Ethel Kirby was by Aldridge. Each of the girls was searched, and from Ethel Kirby a watch was taken. During the transaction the appellant and Aldridge acted together. Each of them possessed a pistol and a flashlight. They were subsequently arrested while in company with each other. At the time of their arrest they were in an automobile, each having a pistol lying upon the seat between them. They resisted arrest, and in the transaction Merriman was shot by one of the officers. The persons of the appellant and his companion were searched, and a watch was taken from the appellant's possession. It was exhibited at the trial, and identified by Ethel Kirby as having been taken from her by the appellant upon the occasion of the assault. Before his arrest the appellant said that he had committed no offense, and would not submit to an arrest.

In the record are found 21 bills of exceptions. In delivering the original opinion, a discussion of them in detail was omitted, for the reason that the explanation attached to the bills made obvious their lack of merit. In this review a discussion of the bills in detail is not deemed necessary. However, in view of the penalty assessed and the insistence of counsel, they are given attention in somewhat more detail than in the original opinion.

Bills Nos. 1 to 3, inclusive, challenge the correctness of the court's action in refusing to instruct the jury that the burden was upon the state to prove the sanity of the accused. There was no evidence that the accused had ever been adjudged insane, but it was his effort to establish the defense of insanity upon the trial by opinion testimony, based upon facts detailed by several nonexpert witnesses. As the matter came before the court, the burden was upon the appellant to overcome the presumption of sanity by a preponderance of the evidence. Such is the law, as has often been declared by this court. See cases cited in the original opinion; also those collated by Mr. Branch in his Ann. Tex. P. C. § 38. The instructions given were adequate and appropriate to submit the issue of insanity to the jury. See Miller v. State, 52 Tex. Cr. R. 72, 105 S. W. 502; Clark v. State, 8 Tex. App. 350; Webb v. State, 5 Tex. App. 596; Leache v. State, 22 Tex. App. 279, 3 S. W. 539, 58 Am. Rep. 638.

Bills Nos. 6, 7, 10, 11, 16, 17, 18, 20, and 21 complain of the ruling of the trial court in permitting the introduction in evidence of the statements and transactions taking place from the time the boys and girls were first assaulted in the automobile until the girls were released from restraint. Apparently it was the position of the appellant that each of the assaults was a separate offense, committed by separate individuals, and that of those transactions in which Aldridge was the personal actor proof against the appellant was not admissible, under the rule excluding unrelated extraneous crimes; also that transactions like the search of the girls, taking a watch from one of them, threatening to take their lives, their outcries and protestations, were not receivable in evidence; that none of the acts or incidents taking place during the time mentioned were admissible, except those which pertain specifically to the act of the appellant in ravishing Mattie Sue Todd. For example, proof by Mae Sanderson that the persons of the other girls were fondled by the appellant and his companion; that the girls protested, and begged the appellant to desist; proof by Ethel Kirby that the appellant and his companion said the girls should be killed, but did not believe that they would do so; that appellant told Aldridge to get out and

search Ethel Kirby, and take what she had; evidence that Ethel Kirby was assaulted by Aldridge and ravished by force. The court sustained the objection to the testimony of which complaint is made in bill No. 19.

█ The receipt of some of the testimony of which complaint is made in bills Nos. 17, 18 and 20, embraced in the above remarks, was opposed upon the further ground that it came out of its order and was not in rebuttal. This position is negatived by the court's qualification. Moreover, the order of the introduction of evidence is a matter within the discretion of the trial judge. Mireles v. State (Tex. Cr. App.) 13 S.W.(2d) 868.

In refusing to permit the appellant's counsel to interrupt the direct examination and to interpose a cross-examination at the stage of the proceeding set forth in Bill No. 8, no error is shown. The qualification of the bill makes it plain that no violence was done to the rules of practice, and there was no injury to the accused.

The opposition to the testimony of the witness Jones and Pack touching the arrest of the appellant and his companion Aldridge, set out in bills Nos. 9 and 10, as qualified, disclose no error. Bob Jones, a member of the city police department, in company with Capt. Pack, while looking for the parties who made the assault in question, met the appellant and Aldridge on ·the Greenville road, just on the other side of Mocking Bird lane. Being positive that the appellant and his companion were those for whom they were searching, Jones presented his pistol, while Pack ordered them to hold still. There were pistols on the seat of the car between the parties. Pack took Aldridge out of the car, and the witness took Merriman out. Merriman said that he had done nothing, and would not be arrested. He began fighting, and was finally shot and wounded by Jones. He was searched, and two ladies' watches were found upon his person. One of the watches was identified upon the witness stand as belonging to Ethel Kirby, and to have been taken away from her in the transaction out of which the prosecution arose.

█ Pack testified that he knew Aldridge, and, seeing him in the car, passed it in order to satisfy himself of his identity. He and Jones, after making the arrest, searched the automobile and found three or four pistols, two shotguns, and two rifles. These were identified. There was also found a lap robe in the automobile. The offense had been reported to the officers, and a description of their car given them. Neither the bill nor the record shows that the arrest was not made within the city of Dallas; nor does it show that the officers were without a warrant. Upon that subject it is silent. It shows, however, that they were possessed of pistols, which were observable without search, and for that reason they were subject to ar-

rest without a warrant. Moreover, it is apparent that they were recognized as the persons who had made the assault, which had been reported to the officers. The arrest not being illegal, the accompanying search was justified. See Moore v. State, 107 Tex. Cr. R. 24, 294 S. W. 550; Jones v. State, 85 Tex. Cr. R. 538, 214 S. W. 322; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409.

█ The plea of not guilty put in issue the identity of the appellant as one of the offenders, and his possession of the watch of Ethel Kirby, one of the victims of the assault, and of the robbery coincident with the assault, was an item of evidence bearing upon the identity of the appellant as one of the assailants.

█ The position taken by the appellant in objecting to the testimony that the proof should be limited to the acts of the accused alone is not tenable. The several criminal acts committed by the appellant and his companion were intermixed and blended with the principal act upon which the prosecution rests, so as to render competent proof of all that was done from the beginning of the transaction to its consummation. See the companion case of Aldridge v. State (No. 12,-651) 21 S.W.(2d) 302; also Underhill's Crim. Ev. (3d Ed.) § 152, and other precedents cited in the Aldridge Case, supra. The evidence makes plain the fact that Aldridge and Merriman were coconspirators, and all of the acts of one during the rencounter were admissible against the other. They were coactors, as above stated, and the criminal acts of one were admissible against the other.

The facts developed show that each was guilty of the rape of each of the girls who was ravished and of the assault upon the other. In other words, Aldridge was subject·to prosecution for each of the assaults, and the appellant was likewise. The transactions from the beginning, that is, from the time that with presented pistols the appellant and Aldridge drove away the boys and forced the girls into a car and carried them against their will into the country, were apparently the means of a common end, to which both assailants agreed, and for which they were each responsible. It follows that all of the acts occurring during the interval from the seizure of the girls until their release were admissible in evidence upon the ground of res gestæ, and that the ruling of the learned trial judge in receiving them in evidence was no transgression of the rules of law. The case of O'Neal v. State, 109 Tex. Cr. R. 486, 5 S.W.(2d) 521, and the precedents therein cited are analogous. See, also, Hays v. State, 90 Tex. Cr. R. 193, 236 S. W. 463.

After a careful re-examination of the record, in the light of the motion for rehearing, we are confirmed in the opinion that the evidence supports the verdict, and that the ap-

pellant's right to a legal trial by an impartial jury has not been denied or abridged.

We are therefore constrained to overrule the motion.