## WRIGHT NUBEN v. THE STATE.

No. 12680. Delivered October 30, 1929.
Rehearing denied December 4, 1929.

The opinion states the case.

*Edgar H. Phelps* of Houston, for appellant.

*O'Brien Stevens* of Houston, Criminal District Attorney, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

On the night of November 29, 1928, the appellant was observed by officers driving an automobile without lights in an addition to the City of Houston. One of the officers testified that they ran him four or five blocks, stopped and arrested him because he was running with his lights out. After his arrest, officers found in his car about six gallons of whiskey.

Six bills of exception appear in the transcript which relate in one form or another to the legality of the search of appellant's car. The term of the court at which appellant was convicted met November 5, 1928, and adjourned February 2, 1929. Final judgment of conviction was entered against appellant on February 1, 1929, and notice of appeal to this Court was given on the same date. All of appellant's bills of exception were filed April 24, 1929. No order of extension appears in the record. All of them were filed too late for consideration. Art. 760, C. C. P. (1925), Subdivision 5. No exceptions were reserved to the Court's charge.

In the condition we find this record, no error appears. Deeming the evidence sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant advances the contention that in receiving in evidence the testimony of the officer to the effect that there was whisky transported in appellants automobile, the court committed an error of a fundamental nature rendering the case reviewable without a bill of exceptions showing that the evidence was introduced over the objection of the accused. In Sec. 11, C. C. P., 1925, it is said:

"The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case."

Our examination of the statement of facts, however, leads us to conclude that the testimony of the officer to the effect that there was whisky in the car of the appellant was admissible. Appellant was driving his automobile upon the public road at night-time without lights. He was pursued, overtaken and stopped by an officer. In driving his car without lights on the public highway the appellant was committing an offense authorizing his arrest. See P. C., 1925, Arts. 798 and 803; also Hardiway v. State, 108 Tex. Cr. R. 659; Hawley v. State, 107 Tex. Cr. R. 243. Without making any search of the car, the officer observed a gallon jug full of whisky sitting in the front of the car. In transporting the gallon of whisky, the appellant was prima facie guilty of a felony committed in the presence of an officer, which justified the arrest of the appellant and the search of his car. See Moore v. State, 107 Tex. Cr. R. 24, 294 S. W. 550; Jones v. State, 85 Tex. Cr. R. 538, 214 S. W. 322; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Merriman v. State, 20 S. W. (2d) 1051.

The motion for rehearing is overruled.

*Overruled.*