## AMERICAN MUT. LIABILITY INS. CO. v. MORGAN et al.

### No. 3729.

Court of Civil Appeals of Texas. Beaumont.

Oct. 31, 1940.

Rex Clawson, of Houston, and Barnes & Barnes, of Beaumont, for appellant.

Shivers & Keith, of Port Arthur, for appellees.

O'QUINN, Justice.

May 4, 1939, appellees filed this suit in the district court of Jefferson County, Texas, in the nature of an appeal from an order of the Industrial Accident Board of the State of Texas. On that day, May 4, 1939, citation to appellant was duly issued to be served upon Hon. Walter C. Woodward, Chairman of the Board of Insurance Commissioners of the State of Texas, at Austin, Texas, and attorney-in-fact for appellant, American Mutual Liability Insurance Company, who had theretofore duly, voluntarily, and legally designated said Chairman of said Board of Commissioners its attorney-in-fact in the State of Texas for the service of process in accordance with Article 2031a, Vernon's Ann.Civ.St. The citation so issued May 4, 1939, was accompanied by one certified copy of the plaintiffs' original petition, and said citation with said certified copy was served on Walter C. Woodward, attorney-in-fact for appellant aforesaid, on May 8, 1939. Water C. Woodward, attorney-in-fact, aforesaid, did not deliver or cause to be delivered the said citation to the defendant, American Mutual Liability Insurance Company, until June 12, 1939, said citation being enclosed in a letter from said Woodward mailed to appellant on June 9, 1939, and which letter reached the home office of appellant in the City of Boston, Massachusetts, on June 12, 1939. On that date June 12, 1939, appellant at its home office wired its adjuster in Houston, Texas, to make proper appearance in said cause, and on said date, June 12, 1939, said adjuster forwarded the file of papers in said case to the law firm of Barnes & Barnes, appellant's local attorneys in Beaumont, where said suit was pending, with request that said attorneys make proper appearance in the case. The record discloses that this request was received by Barnes & Barnes, attorneys, at 11 o'clock, A. M., June 14, 1939, and answer was filed by noon of that day. Thereafter (after June 14, 1939) counsel for appellant learned that on or about June 6, 1939, a judgment by default against appellant had been rendered and writ of inquiry ordered; immediately, on June 15, 1939, counsel for appellant consulted with counsel for appellees with reference to setting aside the default judgment; pursuant to an understanding then had, an informal conference was had in the district court at 9:A.M. June 21, 1939, and the matter was orally placed before the court; at the close of the oral presentation, the court announced that it had nothing before him, and counsel for plaintiffs announced that counsel for defendant might proceed with the preparation of a written motion to set aside the order complained of and assured defendant's counsel that no further action would be had upon the writ of inquiry until the motion could be prepared and presented. Motion was prepared by counsel for defendant and filed July 7, 1939.

The motion to set aside the default judgment recited the above facts, and also set out several letters from Insurance Commissioner Chairman, Hon. Walter C. Woodward to the appellant insurance company explaining the delay in his department in sending the citation served on him saying that only one copy of the certified petition accompanied the writ of citation, and that his clerk in charge, whose duty it was to mail the citation and accompanying copy of the petition to appellant's Home Office merely filed the copy of the petition in the files of his office, and neglected to forward the citation, which oversight was not discovered until May 8, 1939, when same was promptly mailed to appellant. The letter also stated that it was customary for the citation to be accompanied by two copies of the citation, one for the defendant and one for the files of the office of the Chairman of the Insurance Board, and there being only one it was placed in the files of his office and the mailing of the citation was overlooked. Likewise on June 9, 1939, Hon. Walter C. Woodward wrote counsel for appellees explaining the failure of his office to send the citation to appellant and said "It was possibly an oversight on your part that two copies (of the petition) should have been served on me and since this is the usual procedure, the one copy was

placed in our files instead of being sent on to the company * * *." "Sincerely hoping you may be able to reopen the case and not take a default judgment on account of the service, I am," etc. Other letters are in the record, but will not be quoted from.

The motion to set aside the judgment was ample in its allegations of fact, alleged that it had a good defense to appellees' alleged cause of action, pleading same and fully set out the reason for not having answered and showing its action to avoid the default judgment as stated above. It also assailed the service, when had, as not sufficient because, among other reasons, that same was not accompanied by a certified copy of appellees' petition as required by law, and so would not support a default judgment.

On June 21, 1939, the court set the motion for hearing on August 4, 1939, at which time by agreement of all parties, with the consent of the court, the hearing was postponed to September 5, 1939, when a hearing was had, and the court overruled the motion. This appeal is from that order. On motion of appellees, on November 15, 1939, the court rendered judgment for appellees against appellant for compensation for 360 weeks at $7 per week amounting to $2,520, which judgment partitioned the amount among the appellees, they being the wife and minor children of the deceased Willie Morgan. This appeal is from that order and judgment.

 A number of assignments of error against the order of the court overruling the motion to set aside the default judgment, and against the granting of compensation in the final judgment of the court, are presented, but we shall discuss but one, that urging error in the overruling of the motion to set aside the default judgment. Article 2031a, Vernon's Annotated Civil Statutes of Texas, requires every foreign corporation seeking to do business in this state to file with the Secretary of State a power of attorney designating some person who is a resident of this state as its service agent upon whom service of process may be served in all suits in which the corporation may be a party. In full compliance with this statute, appellant duly filed its power of attorney in the office of the Secretary of State designating Hon. Walter C. Woodward, Life Insurance Commissioner and Chairman of the Board of Insurance Commissioners, as its service agent. Knowledge of this appointment was known to counsel for appellees for they sent the citation and one copy of the citation to the Designate. By oversight, the clerk in the office of the Life Insurance Commissioner filed that one copy in the office files, and did not send the citation to appellant. The facts relative thereto are fully set out in this opinion above. When the Insurance Commissioner discovered the oversight he promptly communicated with appellant and counsel for appellees explaining the oversight. In the meantime judgment by default against appellant had been taken. When appellant was advised of the situation it promptly notified its Texas counsel and requested proper appearance in the case. This was done. Under these facts and circumstances, did the court err in refusing to set aside the default judgment and letting the case be tried on its merits? We think the oversight of Hon. Walter C. Woodward, Insurance Commissioner, in not forwarding the citation and copy of the petition to appellant should not be charged against appellant. It had complied with the statute, and could have no knowledge of the suit until it was advised by receiving the citation in accordance with the procedure provided by law. Law, equity and right require that defendants in civil suits be timely advised of any action against them so that they can make their defense. Every one is entitled to his day in court, and should not be deprived thereof, except in case of negligence on his part. A trial on the merits could have been had within a few days, if the motion to set aside the default judgment had been granted. There is no showing that appellees would have suffered any loss or detriment by the delay. We think the court erred in refusing to set aside the judgment by default. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124. Accordingly the judgment is reversed and the cause remanded for a trial on the merits.