R. C. DAVIS V. THE STATE.

No. 21699. Delivered October 19, 1941.
Rehearing Denied November 26, 1941.

The opinion states the case.

C. C. *McKinney*, of Cooper, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was indicted as a second offender, charged with driving an automobile on a public highway while intoxicated, and upon conviction therefor was, under the statute, given a penalty of two years in the penitentiary.

It seems that appellant, his wife, his father-in-law, and one Carmichael were driving over the territory near their abode, and finally wound up near Kaufman, in Kaufman County, appellant driving and weaving about over the highway, narrowly escaping collisions with other vehicles thereon. That they were followed by some officers, who made an effort to detain them, but appellant refused to stop. The officers, however, followed appellant, who drove through a red light in the City of Kaufman, and, parking his car near the court house, hurried into the court house where he was arrested. The officer testified that appellant was drunk, that he staggered some in his walk, and talked as though his tongue was thick, and they smelled intoxicating liquor on his breath. It was also shown that while the officers were in pursuit of appellant's car some one threw a glass jar or bottle out of the car, and upon its recovery some of the witnesses testified that it had some liquid therein that smelled like intoxicating liquor.

Appellant offered the defense, established by certain witnesses other than himself, that he suffered from violent headaches at times, and that he had taken several tablets of amytal, a drug, a short time prior to his leaving home in his car, and that at times such drug made him act wild and like a drunken man; that the discarded jar contained only wine, and he had taken only a small drink out of it prior to his arrest. Appellant's father-in-law testified that appellant acted like a drunken man, but he was drunk on amytal and not on intoxicating liquor.

We think the indictment, which was complained of, charged not only the present offense but also, in the second count, a prior conviction of a similar offense for the purpose of enhancing the penalty. See Hail v. State, 293 S. W. 831.

Appellant's bill of exceptions No. 3 complains because of the trial court's failure to give requested instruction defining the term "intoxicated." It has often been held that in cases similar to the present one it was not necessary to define such term. Lockhart v. State, 108 Tex. Cr. R. 597, 1 S. W. (2d) 894; Moynahan v. State, 146 S. W. (2d) 376.

Bill of exceptions No. 4 complains because of the failure to give requested instruction relative to appellant's defense that his condition, at the time of the charged offense, was caused by the use of a drug rather than by the use of intoxicating liquor.

We note that the court in his charge told the jury, in so many words, that if they believed that the appellant's condition at the time of such driving arose solely from the use of amytal or other drugs taken by him, or have a reasonable doubt thereof, to acquit him, as well as also charging the jury that they must believe beyond a reasonable doubt that such intoxicated condition, if any, was caused by the use of intoxicating liquor.

Appellant also urges that the person formerly convicted of driving an automobile while intoxicated on January 3, 1940, was not shown to have been this appellant. We do not agree with this contention. Sheriff Reeves testified that he was present in court in Lamar County when this defendant was tried and convicted for drunken driving; that he thought he was also present when he was sentenced. The State then introduced the judgment and sentence in such case, upon a plea of guilty, against R. C. Davis, the witness Reeves having testified that the person thus tried was the same as the defendant herein. We think such sufficiently established the identity of this appellant as the same person who was previously convicted in Lamar County.

Appellant also complains of the trial court's statement in the charge in which it is stated that "By an offense of like character is meant an offense not necessarily the same as that for which defendant is being tried, but similar in nature." It was not necessary to define the term at all to the jury, such being a matter of law for the court. In any event each of the set forth charges in the indictment were the same or similar in nature, and no confusion thereof could have operated on the minds of the jury.

We do not think Mrs. Davis, the mother of appellant, was sufficiently qualified to state what effect an old injury to appellant's head had on his health, she not being shown to have any peculiar abilities as a diagnostician of such matters. Again, there was abundant testimony from appellant's witnesses as to what his ailments were and how they affected him while suffering therefrom.

Appellant offers the proposition that because of the recent amendment of the statute by the last legislature relative to drunken driving, that the statute with whose violation he is charged has been repealed, and there being no saving clause of offenses included therein, therefore he is not punishable

thereunder, and he offers us in support thereof citations of many liquor law violations that were wiped out after a repeal of the Dean Liquor Law as authority for the proposition that this statute passed by the 47th Legislature, p. 819, Vernon's Texas Session Law Service, Laws 1941, repealed in its entirety Article 802, P. C., and in the absence of a saving clause, such repeal operated as a discharge of all offenders thereunder.

We are not in accord with such contention. We think such act of the 47th Legislature merely amended the previous law, Art. 802, P. C., and substituted a different penalty for a violation thereof. If such be true relative to the amendment of Art. 802, supra, then the trial of cases after its passage should be governed by Art. 13 of the Penal Code. See Jones v. State, 132 Tex. Cr. 445, 104 S. W. (2d) 871.

It is further worthy of note that this charged offense is recited as having taken place on November 1, 1940; appellant was tried and convicted on the 18th day of March, 1941; his motion for a new trial overruled and sentence pronounced on April 1, 1941. We also note that the amending statute of the 47th Legislature took effect on June 17, 1941. It is also seen that such last named act bears in its caption that such is an act to *amend* Art. 802, P. C., etc. There was no new offense denounced therein, but practically the same idea is therein contained as was present in Art. 802, with a change in the penalty for the first offense, and providing for a more onerous penalty for the second infraction thereof.

Under the pleading and proof herein appellant, if convicted under the act of the 47th Legislature, would suffer a more severe penalty than the one provided for at the time of his trial.

We are not in accord with the contention that the new law operated as a discharge of all those charged under the statute known as old Art. 802, in force at the time of the commission of the alleged offense, as well as at the time of the trial herein. See Art. 15, P. C., and Hubbard v. State, 4 S. W. (2d) 972; Franklin v. State, 44 S. W. (2d) 996; Sharp v. State, 94 S. W. (2d) 177; Simms v. State, 8 Tex. Ct. App. 230; Myers v. State, 8 Tex. Ct. App. 321.

We have also carefully considered all bills not herein written upon, and failing to see any error evidenced therein, they are overruled.

The judgment is affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In appellant's motion for rehearing he questions the conclusions reached regarding the bills of exception which were discussed. They have been re-examined, and in our judgment they were properly disposed of in our original opinion.

Also in said motion appellant calls attention particularly to bills of exception numbers fifteen and sixteen. He seems to think these bills reflect a comment by the trial court on the weight of the evidence. We gather from said bills that in the cross-examination of a witness for appellant the State was seeking to either draw from the witness an admission that he had made statements contradictory to his evidence on the trial, or to lay a predicate for his impeachment if he denied having made the statement attributed to him. The bills reflect that the trial court experienced some difficulty in securing a direct answer from the witness, but we discern nothing which can be construed as a comment on the evidence by the court. The bills reflect that the court told the witness he must answer the question, but would be given opportunity to make any explanation he desired. His evidence as found in the statement of facts reflects that he did explain his apparent contradictory admissions. Said bills fifteen and sixteen do not reflect error.

The motion for rehearing is overruled.