## H. R. Driggs v. The State.

No. 23926. Delivered February 18, 1948.

*Jack Nossaman*, of Sherman, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of driving an automobile while intoxicated and by the jury fined the sum of $50.00, and he appeals.

There is but one proposition brought to our attention upon which a reversal is asked. It is asserted that the trial court was in error when it allowed the officers who arrested appellant to testify relative to his intoxicated condition, because it is alleged that the arrest was unlawful, appellant not having committed a felony nor a breach of the peace in the presence of such officers. Art. 803, Vernon's Ann. Tex. P. C., provides as follows:

"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provisions of the preceding articles of this chapter."

The preceding articles are those which provide for a punish-

ment for drunken driving on any street, alley or public road or highway, etc. See Hardiway v. State, 108 Tex. Cr. 659, 2 S. W. (2d) 455; Nuben v. State, 113 Tex. Cr. R. 597, 21 S. W. (2d) 1061; Scott v. State, 134 Tex. Cr. R. 191, 114 S. W. (2d) 565; Linthicum v. State, 134 Tex. Cr. R. 608, 116 S. W. (2d) 714.

Appellant also complains because of the failure of the trial court to define in his charge the term "intoxicated". We have heretofore held that such term has an ordinary meaning commonly understood, and was not a technical term requiring a definition by the court. See Scott v. State, 130 Tex. Cr. R. 635, 95 S. W. (2d) 396.

Finding no error in the record, the judgment is affirmed.