## J. E. Clifton v. State

No. 25524. December 5, 1951.
Rehearing Denied February 13, 1952.

Hon. Frank E. Fulgham, Judge Presiding.

*A. Foy Curry* and *Jack Ray,* by *A. Foy Curry,* Ft. Worth, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender, as denounced by Article 802b, Penal Code; the punishment, one year and one day in the penitentiary.

The elder Farris testified that on the night in question, while he and his family were driving along the highway approaching

the city of Jacksboro, a truck overtook him and "bumped" his automobile off the highway; that neither vehicle stopped but that the truck followed him into the city and to the residence of one Walker, where they both came to a halt. Farris testified that appellant jumped out of the truck, cursed and assaulted him, forcing him and his family out on the opposite side of his automobile. Four witnesses who were present at the Walker home testified that appellant was under the influence of intoxicating liquor, that he cursed and assaulted several of those present, and that he left only after being informed that the peace officers had been called.

Officer Eubank testified that appellant was just driving away when he arrived at the Walker home, that he caught up with him and brought him to a halt some blocks away, that appellant was under the influence of intoxicants and created another breach of the peace at the time of his arrest.

The appellant testified, denying that he had been drinking, and explaining his conduct by stating that he had gotten mad at Farris out on the highway because Farris had pulled out in front of him, thereby endangering his truck.

We feel that the jury was warranted in concluding that appellant was intoxicated.

Bills of Exception Nos. 1 to 7, inclusive, relate to the indictment and will therefore be considered in connection with appellant's motion to quash the same.

The indictment is not in the form suggested by Willson's *Texas Criminal Forms*. The difference herein is that the prior offense is charged first and then the primary offense is set forth, reciting the matters chronologically rather than in the sequence generally employed.

The requisite element of such a charge is that it be shown therein that the person charged had, prior to the commission of the primary offense, been convicted in the prior case and that such conviction had become final.

In the instant indictment, the first paragraph alleges "having been theretofore convicted of the misdemeanor offense" (describing the same), and the second paragraph begins "did thereafter" (here describing the primary offense).

In Square v. State, 145 Tex. Cr. R. 219, 167 S. W. (2d) 192, we held that paragraphs comparable to the above were not "counts" as the term is properly used when charging the commission of separate offenses in one indictment, and, therefore, each paragraph need not have the requisites of a count.

We hold this indictment to be sufficient.

Bill of Exception No. 8 sets forth the entire testimony of the witness L. V. Farris on direct examination and recites that appellant's objections were to all of it. We see nothing in the testimony incorporated therein subject to the objections advanced.

Bill of Exception No. 9 likewise sets forth all the testimony of the witness Humphrey on direct examination and also recites that appellant's objections were leveled at the entire testimony. Some of the testimony of said witness was clearly admissible.

In Cagle v. State, 147 Tex. Cr. R. 354, 180 S. W. (2d) 928, we cited with approval Section 211, Branch's Ann. Tex. P. C., as follows:

"A bill of exceptions is too general to be considered if it includes a number of statements some of which are clearly admissible, and there is nothing in the objections to directly challenge or single out the supposed objectional evidence."

In Mitchell v. State, (page 128 of this volume), 239 S. W. (2d) 384, we said:

"Having seen fit to link the two statements together, one of which was clearly admissible, and having leveled only one objection to the two, we must hold, in line with many decisions of this Court, that the bill shows no reversible error."

Bill of Exception No. 10, in the same manner as the other bills, presents the entire direct examination of the arresting officer Eubank, including the voir dire, together with the direct and cross-examination of the witness Dr. Conner and then shows that appellant objected to all of the testimony of the witness Eubank.

What has been said with reference to the foregoing bills applies to this bill. However, for the purpose of clarification,

it appears that appellant is laboring under the impression that no witness may be allowed to testify as to anything he observed subsequent to the moment of arrest. In this, he is mistaken. It has long been the holding of this court that, "If such acts or declarations were part of the res gestae they are admissible notwithstanding the fact that they may not be admissible as confessions or as admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest." 18 Tex. Juris., Sec. 193, p. 313.

Bill of Exception No. 11 seeks to complain of the trial court's failure to grant appellant's motion for instructed verdict consisting of seven numbered paragraphs reciting several grounds. Such a bill presents nothing for review.

Bill of Exception No. 12 is directed to appellant's numerous objections to the court's charge. An examination of the charge and the objection thereto leads us to the conclusion that the trial court did not err in overruling the objection.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant renews his insistence that the indictment is defective.

This prosecution is not one arising under those statutes commonly referred to as the enhancement-of-punishment statutes (Art. 61 to 64, inclusive, Vernon's Penal Code). Indeed, we are aware of no general statute whereby a prior misdemeanor conviction may be utilized to enhance the punishment for a subsequent felony conviction. The enhancement-of-punishment statutes cited do not so provide.

Art. 802b, Vernon's P. C., under which this prosecution was maintained, defines the felony offense of drunk driving as an independent crime, and is not an enhancement-of-punishment statute. The instant indictment follows the provisions of that statute, and charges the constituent elements constituting the offense as therein set forth.

The fact that the 52nd Legislature, in 1951, by Chap. 457, amended Art. 802b, P. C., and made material changes therein —especially in so far as the matter of punishment is concerned— cannot and does not change or affect this case which was tried prior to the amendment. Art. 13, Vernon's P. C.; Davis v. State, 142 Tex. Cr. R. 602, 155 S. W. 2d 801.

The motion for rehearing is overruled.

Opinion approved by the court.