WILLIAM RIVES CORNELIUS V. STATE.

No. 25670. February 6, 1952.
Appellant's Motion for Rehearing Denied (Without Written
Opionion) March 26, 1952.

Hon. David McGee, Judge Presiding.

*Jack Ray*, Ft. Worth, for appellant.

*Stewart W. Hellman*, Criminal District Attorney, *W. H. Tolbert*, *Truman Power* and *Ronald Aultman*, Assistants Criminal District Attorney, Ft. Worth, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $50.00.

It was established .without dispute that an automobile in which appellant was riding and a pickup truck driven by Mr. Davis were involved in a collision.

Mr. Davis testified that appellant was the driver of the automobile and that, in his opinion, appellant was intoxicated.

Appellant and his companion in the automobile testified that appellant was not driving the automobile at the time of the collision and that neither of them were intoxicated.

An officer of the Highway Patrol testified that when he arrived at the scene of the accident appellant told him that he had been driving the automobile. The appellant, testifying in his own behalf, denied that he had been driving the automobile and refuted the officer's testimony as to their conversation, stating that the officer had asked him the question, "You were driving, weren't you?" and that he had replied, "You can put it that way on your report if you care to." He gave as his reason for making such a statement to the officer that his companion, who he said was actually driving the automobile, did not have his driver's license with him.

In rebuttal, the state called the officer back to the stand, and he gave a more detailed version of the conversation as follows: He stated that he had asked appellant the question, "Are you the driver of the Chevrolet?" and that appellant answered, "Yes, sir."

Appellant's one bill of exception contains the direct, cross, redirect, recross and redirect examination of the witness Wheeler during the presentation of the state's case in chief and the direct and cross on rebuttal; and the objection is leveled at "all of the testimony of the witness Wheeler, relative to the con-

versation with the defendant" on the grounds that the same was not a part of the res gestae.

It will be noted that the witness first testified that, from his conversation with appellant, he concluded that appellant had been drinking heavily. This was clearly admissible, though a part of his conversation with appellant. It is further noted that appellant's counsel questioned the witness about his conversation with appellant.

A part of the testimony complained of being admissible and a part being elicited by appellant, an objection to all of it was too general to raise a question for review in this court. An objection must be specific as to the portion of the testimony to which it is leveled.

After the state had rested, appellant testified as to what he had told officer Wheeler, and then officer Wheeler was called in rebuttal by the state and gave his version thereof.

Under the doctrine of Florence v. State, 109 Tex. Cr. R. 339, 4 S. W. (2d) 555, this rebuttal testimony was admissible.

Finding no reversible error, the judgment of the trial court is affirmed.