## JOAQUIN GALAN v. STATE

No. 28,858.   March 6, 1957.
Appellant's Motion for Rehearing Overruled
April 17, 1957.

*B. L. Jeffrey,* Carrizo Springs, and *G. C. Jackson,* Crystal City, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Highway Patrolman Pirtle testified that on the occasion in question his attention was directed to an automobile which was coming toward him and which was being driven first off the pavement on its right side and then across the center stripe into the left hand traffic lane, that he took to the ditch to avoid being hit, turned around, and gave pursuit. He stated that after considerable effort he was able to bring the vehicle to a halt, instructed the appellant, who was the driver, to get out and exhibit his driver's license. He stated that the appellant staggered, "his hands seemed all thumbs," his eyes were dilated, he conducted himself in an entirely different manner than he did on other occasions when he had seen the appellant sober, and concluded that he was intoxicated and placed him in jail.

The appellant did not testify or offer any evidence in his own behalf.

We find the evidence sufficient to support the conviction and shall discuss the bills of exception in the order advanced in the appellant's brief.

Bill of Exception No. 5 reflects that near the conclusion of Officer Pirtle's testimony the appellant moved for a mistrial "because all this very prejudicial testimony was before the Jury; and could not help but have an effect on them. The court overruled this motion, and defendant then requested the court to instruct the jury not to consider any testimony given *covering the time when the witness approached defendant's car, to the time he was 'Warned'*; which was by the court refused, to which action defendant then and there in open court excepted."

Appellant would have this court apply this motion for a mistrial as an objection to a certain portion of the officer's testimony, which he now says was in violation of the rule announced by this court in Apodaca v. State, 140 Texas Cr. Rep. 593, 146 S.W. 2d 331. There was no objection made at the time the testimony was elicited, and no reason has been assigned for his failure to object. A motion requesting the jury not to consider *all* of the officer's testimony covering a certain period of time, some of which was admissible without question, will not take the place of an objection to that portion which he now contends was in-

admissible. Mitchell v. State, 156 Texas Cr. Rep. 128, 239 S.W. 2d 384, and Cornelius v. State, 157 Texas Cr. Rep. 129, 246 S.W. 2d 886.

Bill of Exception No. 6 complains of the failure of the court to define "drunk" or "intoxicated" in his charge. Such terms need not be defined. Davis v. State, 142 Texas Cr. Rep. 602, 155 S.W. 2d 801; Driggs v. State, 151 Texas Cr. Rep. 391, 208 S.W. 2d 557; and Pierce v. State, 159 Texas Cr. Rep. 504, 265 S.W. 2d 601.

Bill of Exception No. 4 complains of the failure of the court to charge the jury that the complaint and information were no evidence of guilt. Recently, in Magness v. State, 156 Texas Cr. Rep. 573, 244 S.W. 2d 810, in writing on the same contention, we said:

"Though the trial court might well have given the requested charge, we are unable to agree that his failure to do so was prejudicial to the rights of appellant. See Adams v. State, 113 Texas Cr. Rep. 501, 21 S.W. 2d 1057."

Appellant next complains of that portion of the court's charge in which he instructed the jury that they might convict if they found that the appellant did "drive and operate" a motor vehicle on the ground that the complaint and information charged only that he did "operate" a motor vehicle.

We hold such terms to be synonymous, and the court's charge to be proper.

No reversible error appearing, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

The complaint of the refusal of the court to charge the jury on the appellant's failure to testify cannot be sustained. Such an instruction is not required to be given to the jury. 1 Branch's Ann. P.C., 2nd Ed., 419, Sec. 397; Pounds v. State, 142 Texas Cr. Rep. 52, 150 S.W. 2d 798; Oakley v. State, 152 Texas Cr. Rep. 361, 214 S.W. 2d 298; Ponder v. State, 159 Texas Cr. Rep. 585, 265 S.W. 2d 836.

The motion for rehearing is overruled.

Opinion approved by the Court.