**James Olen THOMPSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39239.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is possession of alcoholic beverage for the purpose of sale in a dry area; the punishment, a fine of $350.00.

The offense occurred within the city limits of Slaton, Lubbock County, Texas, which

was stipulated by the parties to be a dry area.

The record reflects that Highway Patrolmen Kuykendall and Walters were on routine patrol on Highway 84 in Slaton, Texas, at about 7:30 p. m. on January 9, 1965, when they observed an automobile driven by appellant stop in the middle of the highway. The automobile soon resumed moving forward, but after going a short distance, once again stopped in the traffic lane, almost causing a collision with another automobile.

Officer Kuykendall testified that he pursued appellant's automobile and turned on the red light of the patrol car, and appellant pulled over to the side of the road and stopped. Both officers got out of the patrol car and approached the other vehicle, with Officer Kuykendall going to the driver's side and Officer Walters remaining at the rear. Officer Kuykendall asked appellant for his driver's license, which was produced. The patrolman instructed appellant to accompany him to the patrol car, and noted the odor of alcoholic beverage on his breath. He also observed appellant run into the right door of the patrol car as he was getting into the front seat. The witness testified that he placed appellant under arrest at that time for parking on the roadway.

Patrolman Walters testified that from appellant's demeanor while driving, he appeared to be drunk, and after his partner took appellant back to the patrol car and began writing out the custody arrest ticket, he approached the right side of appellant's automobile for the purpose of searching for liquor, and as he shined his flashlight into the automobile, a lady in the right front seat was "pushing her coat down around her legs." When asked what was under the coat, she said, "Nothing." The officer then asked her permission to look, whereupon she raised the coat, exposing a sack containing 24 half-pints of whiskey. Walters seized the sack and its contents and placed it in the patrol car, at which time Patrolman Kuykendall made a more thorough search of appellant's vehicle and found two opened half-pints of whiskey and four cans of beer under the driver's seat.

The trunk of appellant's vehicle was locked and appellant had no key, consequently the trunk was not searched until the automobile was driven into Lubbock, Texas. As Patrolman Kuykendall, with appellant in his custody, was driving into Lubbock, appellant told the officer that "maybe there's one case of wine in the trunk." Immediately upon arriving in Lubbock, the patrolman removed the back seat of appellant's vehicle in order to gain access to the trunk, where he found four cases of wine and one case of beer.

■ Appellant did not take the stand or adduce evidence or testimony in his behalf, and the evidence is sufficient to support the conviction.

■ There are no formal bills of exception, but several informal bills complain of the admission into evidence of the alcoholic beverage which was seized as described above. Appellant contends that the search of his automobile at the scene of his arrest was unlawful because there was no warrant issued and no reasonable grounds to search without a warrant. While there is some evidence that Officer Walters had the permission of the lady in possession of the whiskey to initiate the search, we need not rule on this issue, because the search was made incident to the lawful arrest of appellant for violation of the traffic laws, and under circumstances which justified further investigation. Walker v. State, Tex.Cr. App., 397 S.W.2d 432, Opinion delivered January 5, 1966; Anderson v. State, Tex. Cr.App., 391 S.W.2d 54.

■ Appellant also objected to the admission of the arresting officer's testimony concerning the statement made by appellant to the effect that more alcoholic beverage could be found in the trunk of his automobile, contending that this statement amounted to an oral confession elicited while appellant was under arrest. The oral statement led the officers to part of the evidence used

to establish his guilt and was admissible under the provisions of Article 727, Vernon's Ann.C.C.P., in effect at the time of appellant's trial. Henderson v. State, 172 Tex.Cr.R. 75, 353 S.W.2d 226. The information gained by the officer from this conversation gave him probable cause to search the trunk of the automobile. Ponder v. State, 159 Tex.Cr.R. 585, 265 S.W.2d 836.

Appellant's remaining exceptions do not present error, and the judgment is affirmed.