**Robert Tillman DUGGER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39171.**

Court of Criminal Appeals of Texas.

March 3, 1966.

Rehearing Denied May 4, 1966.

Maloney, Milner & McDowell, by Pat McDowell (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Tom F. Reese, John Vance and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary; the punishment, enhanced by a previous burglary conviction, 12 years in the penitentiary.

The prior conviction was properly alleged and proved.

John Villbig testified that he left his residence at about 10:30 a. m. on August 25, 1964; that no one was in the house when he left; and that all doors to the house were shut. His wife returned home at about 1 p. m. and found the back door open. It was discovered that someone had taken various items of personal property from the house during the Villbigs' absence, including a television set, a .22 calibre blank pistol, two watches, a jewelry box, and certain pieces of jewelry. No one had permission to be in the Villbigs' house in their absence, nor did anyone have permission to take the above items from the house.

That afternoon, the television set was pawned at the Preston Jewelry and Loan Company by an unidentified man who had a scar on his arm which was in the shape of a "Z". The man borrowed $15, giving the television set as security. The police learned of this transaction through a routine report made by the loan company, and about two days after the burglary, Mrs. Villbig reclaimed the set, identifying it as the one taken during the burglary.

On September 14, Detective J. E. Walker of the Dallas Police Department Vice Section was on duty in his police car when he heard a wanted bulletin broadcast by the police radio dispatcher, the subject of which was a white male in his 20's, brown colored hair, with a scar on his arm in the shape of a "Z" and identified by the name, Zorro. The wanted car was described as a Ford automobile with a specified license number. Shortly thereafter, he observed an automobile matching the description above drive into a parking lot, and the officer followed and interrogated appellant, the driver of that automobile, who matched the description of the subject of the wanted bulletin, then arrested him and took him to City Hall, where he was booked and then taken to the Burglary and Theft Bureau. On cross-examination, the arresting officer admitted that appellant was breaking no law at the time of his arrest and that the officer had no warrant for the arrest. The automobile appellant was driving when first observed by the arresting officer was impounded.

The following day, while being interrogated by Officers Waters and Jennings of the Burglary and Theft Bureau, appellant told the officers that there was a jewelry box and jewelry in the automobile he had been driving and that the property had come from the Villbig residence burglary. Officer Jennings went to the automobile pound, searched the car, and found the described property below the left tail light where appellant said it would be. He also found a .22 calibre blank pistol which, along with most of the jewelry, was identified by the Villbigs as property taken from their home on the date of the burglary. The officers had no warrant to search the automobile.

Appellant contends that his arrest was illegal; that he was not taken immediately before a magistrate; that the search of the automobile was unlawful; and that the fruits of that search were therefore inadmissible.

█ Under this Court's interpretations of the Code of Criminal Procedure, 1925, which is the statutory law applicable to this case, an illegal arrest would not render inadmissible evidence obtained thereafter

if the detention following that arrest was lawful. Benitez v. State, Tex.Cr.App., 377 S.W.2d 651, and cases cited therein. Considering the singularly distinguishing scar on appellant's right arm, and the fact that the person who pawned the Villbigs' television set was similarly marked, the police had reasonable grounds for appellant's detention. Failure to take appellant before a magistrate likewise would not vitiate his oral statements and thereby render inadmissible the fruit of the search resulting from these statements unless there was a causal connection between this failure and the fact that such statements were made. Ferrell v. State, Tex.Cr.App., 397 S.W.2d 86, Smith v. State, 171 Tex.Cr.R. 313, 350 S.W.2d 344.

 Appellant's oral statements made while he was under arrest concerning the whereabouts of part of the stolen property, and his knowledge that this property was part of that taken in the Villbig burglary were admissible, these statements having led directly to the recovery of the stolen property. Article 727, Vernon's Ann.C. C.P., then in effect; Thompson v. State, Tex.Cr.App., 398 S.W.2d 942, opinion delivered February 16, 1966; Henderson v. State, 172 Tex.Cr.R. 75, 353 S.W.2d 226. The information gained by the officer gave him probable cause to search the trunk of the automobile. Thompson v. State, supra; Ponder v. State, 159 Tex.Cr.R. 585, 265 S.W.2d 836.

Appellant questions the sufficiency of the evidence. He states that no one was able to place him at the scene of the burglary, and he contends that the evidence was insufficient to show that he was in possession of the property, as he was not positively identified as the man who pawned the stolen television set, nor was he identified as the owner of the vehicle in which the other stolen property was found. These facts are true, but the record does show that a man with a "Z" scar pawned the Villbig television set; that appellant has a

similarly described scar; that appellant was driving the automobile in which the stolen property was found and it was not shown that anyone else was connected with this vehicle; that appellant directed the officers to the very spot in the automobile where the stolen property was stashed; and that he was aware that the property was part of that taken in the Villbig burglary. He also discussed with the investigating officers his reasons for not taking other items in the Villbig residence. These facts are sufficient to support the jury's verdict of guilty.

We find no merit to appellant's remaining informal bills of exception.

The judgment is affirmed.