THE NAVAJO TRIBE

Plaintiff-Appellee

vs.

DAVID TODECHEENE

Defendant-Appellant

Decided on September 18, 1973

Merwin Lynch, Deputy Trial Prosecutor, Office of the Prosecutor, Window Rock, Arizona, for Plaintiff-Appellee

Raymond Boyd, D.N.A., Chinle, Arizona, for Defendant-Appellant

Before KIRK, Chief Justice, BLUEHOUSE and YELLOWHAIR, Associate Justices

KIRK, Chief Justice

The defendant-appellant was arrested on March 7, 1973, for disorderly conduct (drunk). At the time of the arrest, he was sitting behind the wheel of a 1973 Ford pickup truck.

After he was in custody outside of the truck, one of the arresting officers searched under the seat and in the glove compartment of the truck. A bottle of wine was found in the glove compartment, where upon the defendant was also charged and subsequently convicted

for a liquor violation.

The issue presented is whether a warrantless search of a motor vehicle incident to a lawful arrest constitutes an unreasonable search and seizure in violation of the Indian Civil Rights Act.

This Court holds that if the arrest upon which the warrantless search is bona fide, and is based upon an offense for which the arresting officer reasonably believes that fruits, instrumentalities, contraband or mere evidence of the crime may be found, the search for these items is proper.

The law governing the search of automobiles and other vehicles is a special area in the law of search and seizure generally.

Because of the mobility of automobiles, enabling their speedy disappearance from the scene of an arrest, their usefulness in the perpetration of crime, specialized rules have been developed by courts for determining the "reasonableness" of the search of an automobile. Without stating all of the conditions under which an auto may lawfully be searched, the law in this case is clear.

If the defendant is arrested in or by his automobile, then his automobile is subject to search for fruits, instrumentalities, contraband or mere evidence of the crime which might assist the police in apprehending or convicting the suspect. Abel v. United States, 362 U.S. 217, 238 (1960); Harris v. United States, 331 U.S. 145 (1947);

Agnello v. United States, 269 U.S. 20, 30 (1925); Warden-Maryland Penitentiary v. Hayden, 387 U.S. 294 (1967).

It should be emphasized that not every arrest will validate an incidental search of this type. The original arrest must have been for an offense of the type for which some physical evidence might be found. An arrest for simple speeding, improper turn, defective tail lights or even reckless driving would not support an officer's incidental search. With the exception of driving while intoxicated, there is probably no simple traffic offense for which any object other than the vehicle itself which could be considered evidence of the crime. Searches based on arrests or citations for such traffic violations would be illegal. Thompson v. State, 398 S.W.2nd 942 (Tex. Crim., 1966); People v. Lujan, 141 Cal.App.2nd 143, 296 P.2nd 93 (1956); State v. Michaels, 374 P.2nd 989, 992 (Wash., 1962); Barnes v. State, 130 N.W.2nd 264 (Wis., 1964); United States v. One 1963 Cadillac Hardtop, 224 F.Supp. 210 (1963); United States v. Tate, 209 F.Supp. 762 (1962).

However, if the search is valid as a search incident to an arrest, unlike the search for weapons or means of escape, a search for physical evidence of a crime is not confined to those areas of the automobile to which the arrestee has immediate access. The search may extend to the entire vehicle including the glove compartment, truck space, or any other position of the car that might resonably conceal one of the items sought. State v. Hunt, 424 P.2nd 571, 573 (Kans., 1967); United States v. Francolino, 367 F.2nd 1013 (1967); Welch v. United

-89-

States, 361 F.2nd 214 (1966); United States v. Gorman, 355 F.2nd 151 (1965); United States v. Doyle, 373 F.2nd 875 (1967); United States v. Washington 249 F.Supp. 40 (1965).

Thus while the officer in this case would not have been privileged to look in the glove compartment of Mr. Todecheene's truck for self-protective reasons if he had originally been cited for speeding, etc., the search for evidence was proper since Todecheene had been charged with disorderly conduct, an offense which, according to 17 N.T.C. § 351 includes intoxication. The officer could reasonably expect his search to uncover contraband or evidence supporting that charge. His authority to search would not terminate simply because the suspect was handcuffed. This is because the rule supporting an incidental search for physical evidence is based less on the need to prevent destruction of the evidence than on the broader consideration of reasonableness. People v. Webb, 424 P.2nd 342, 350 (Calif., 1967).

The judgment of the Trial Court is AFFIRMED.

BLUEHOUSE, Associate Justice, and YELLOWHAIR, Associate Justice, concur.