Jose Maria CAMPOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 61432.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 18, 1981.

Murray L. Lieberman, Houston, for appellant.

Carol S. Vance, Dist. Atty., Raymond E. Fuchs and Michael K. Aduddel, Asst. Dist. Attys., Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for an unlawful sale of beer, an alcoholic beverage, to an intoxicated person. See V.T.C.A., Alcoholic Beverage Code, § 101.63. The punishment was assessed by the court at a fine of $110.00.

Appellant contends said § 101.63 is "defective" for failure to provide a standard or definition of intoxication.[1]

The pertinent part of said § 101.63 provides:

"(a) A person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an *intoxicated* or insane person." (Emphasis supplied.)

It does not appear that the statute nor the Alcoholic Beverage Code defines "intoxicated" or "intoxication."

■ It is a cardinal rule of statutory construction, however, that where words are not defined, then "the words employed are ordinarily given their plain meaning, without regard to the distinction usually made between the construction of penal laws and laws on other subjects, unless the act clearly shows that they were used in some other sense." 53 Tex.Jur.2d, Statutes, § 146, pp. 212–213; *Ramos v. State*, 419 S.W.2d 359, 364 (Tex.Cr.App.1967).

Indeed in the Code Construction Act (Article 5429b–2, V.A.C.S.) it is provided in § 2.01:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage.

1. Appellant calls attention to V.T.C.A., Penal Code, § 19.05 (Involuntary Manslaughter), where (b) reads: "For purposes of this section, 'intoxication' means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body." He also notes V.T.C.A., Penal Code, § 42.08 (Public Intoxication), which provides in part: "(a) An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another." Appellant describes the absence of any definition in said § 101.63.

Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

And V.T.C.A., Alcoholic Beverage Code, § 1.02, provides:

"The Code Construction Act (Article 5429b–2, Vernon's Texas Civil Statutes) applies to the construction of each provision in this code, except as otherwise expressly provided by this code."

Black's Law Dictionary DeLuxe, Fourth Edition, defines "intoxication" as "[T]he state of being poisoned; the condition produced by the administration or introduction into the human system of a poison. But in its popular use this term is restricted to *alcoholic* intoxication, that is, drunkenness or inebriety, or the mental and physical condition induced by drinking excessive quantities of alcoholic liquors, and this is its meaning as used in statutes, indictments, etc. (authorities cited omitted)." See and cf. V.T.C.A., Penal Code, § 19.05.

The same authority defines "intoxicated" as "[A]ffected by an intoxicant, under the influence of an intoxicating liquor. *Taylor v. Joyce*, 4 Cal.App.2d 612, 41 P.2d 967, 968."

It has been held that the term "intoxicated" is synonymous with the term "under the influence of intoxicating liquor." *Williams v. State*, 165 Tex.Cr.R. 275, 305 S.W.2d 369 (1957).

It has been held that it is not necessary to define "intoxicated" or "intoxication" in the court's instructions to the jury since the terms are not technical and have a commonly understood meaning. *Driggs v. State*, 151 Tex.Cr.R. 391, 208 S.W.2d 557 (1948); *Eddins v. State*, 155 Tex.Cr.R. 202, 232 S.W.2d 676 (1950), and cases there cited; *Kimbro v. State*, 157 Tex.Cr.R. 438, 249 S.W.2d 919 (1952); *Galan v. State*, 164 Tex. Cr.R. 521, 301 S.W.2d 141 (1957); *Ragland v. State*, 391 S.W.2d 418 (Tex.Cr.App.1965).

■ We hold that since the word "intoxicated" as used in said § 101.63 is not defined therein or not otherwise statutorily defined for the purpose of such statute it is to be given its commonly understood meaning.

■ We cannot agree that the failure to define "intoxicated" in § 101.63 renders the statute "defective" or unconstitutionally vague. A person of common intelligence can determine with reasonable precision what conduct it is his duty to avoid under the statute.

Appellant's contention is overruled.

Next, appellant contends the information is fatally defective because it fails to state "the type and location of the premises where the offense is alleged to have occurred."

The information, omitting the formal parts, alleged that the appellant in the county of Harris "on or about February 4, 1978, did then and there unlawfully and knowingly sell beer, an alcoholic beverage, to an intoxicated person, Alphonso Hernandez . . . ."

The elements of the offense under § 101.63 are (1) a person (2) knowingly (3) sells an alcoholic beverage (4) to an habitual drunken, intoxicated or insane person.

■ As a general rule, an indictment or information which sets forth the language of the statute which creates and defines the offense charged is sufficient. *White v. State*, 505 S.W.2d 258 (Tex.Cr.App.1974); *Boney v. State*, 572 S.W.2d 529 (Tex.Cr. App.1978). See also *Mears v. State*, 557 S.W.2d 309 (Tex.Cr.App.1977).

■ It appears here that the information sets forth the offense in the language of the statute and is sufficient. The type and location of the premises where the offense occurred are not elements of the offense and need not be alleged.

V.T.C.A., Alcoholic Beverage Code, § 1.04, reads in part:

"(6) 'Person' means a natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them."

It is clear that when the statute speaks of a "person" it is not restricted to an employee of a licensed establishment, nor does the statute prohibit sales under certain circumstances only in certain premises.

Appellant's contention is overruled.

Appellant contends the court erred in refusing to grant his motion for an instructed judgment because the evidence was insufficient to show that Alphonso Hernandez was intoxicated. Two Houston city police officers testified that Alphonso Hernandez was intoxicated at the time in question when the appellant sold beer to him at the El Tipo Night Club on February 4, 1978.

Officer Richard Nieto, with 11 years of experience as a police officer, testified Hernandez smelled of beer, that he spoke thick-tongued, slurred, and was unsteady on his feet and was in an advanced state of intoxication.

Officer R. Calderon, with three years' experience, testified Hernandez's breath "had an alcoholic beverage on it," that he was yelling obscenities and holding onto a rope for support.

Both officers expressed the opinion Hernandez was intoxicated. These were the only witnesses in the case. The evidence was sufficient to show that Hernandez was intoxicated at the time of the alleged sale. Appellant's contention is overruled.

Lastly, appellant contends the court erred in refusing his "motion to dismiss" because there was not sufficient evidence to show that he knew that Hernandez, the customer, was intoxicated at the time of the alleged sale.

As the State points out, an examination of the record fails to reveal that the appellant made such a motion to dismiss on the ground now urged on appeal. Appellant certainly does not point out where or when he made such motion. The court could not be in error if the motion was never made.

Nevertheless, we have examined the record and conclude from both the direct and circumstantial evidence that the evidence was sufficient to sustain the conviction.

The judgment is affirmed.