# E. G. Adams v. The State.

No. 12513.    Delivered May 29, 1929.
Rehearing denied December 11, 1929.

502

The opinion states the case.

*Donald & Donald* of Bowie, for Appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a search warrant officers searched appellant's residence and found in his cellar 15 bottles of beer. In his store, which was situated near his residence, they found fruit jars, bottles and kegs. Sixty-one steps from appellant's door step the officers found four and a half gallons of whiskey and sixteen sacks of beer. They counted 59 bottles of beer in one sack. There was a road between appellant's house and the premises on which they found the beer and whiskey. In the kitchen they found evidence of whiskey having been poured through the sink. According to the state's testimony the officers were not immediately permitted to enter the house, it being the theory of the state that appellant was attempting to pour the liquor out before admitting the officers. Appellant's wife testified that the door was not unfastened on account of the fact that she was not dressed at the time the officers came to the house. She testified that the officers entered the house by force. The officers testified that appellant stated that he was using the beer for medic-

inal purposes, and appellant offered witnesses who said that he was in ill health and that he had been advised by physicians to use intoxicating liquor for medicinal purposes. It appears that the liquor found near appellant's residence was not on his premises and he disclaimed any interest in said liquor. There was a path leading to appellant's house from the point where the liquor was found. Appellant offered testimony showing that one of the officers cursed and abused him and his wife at the time they made the search. This was denied by the officers. A witness for the state testified that he bought some whiskey from appellant approximately three months prior to the time the raid was made. As to the liquor found near appellant's premises, the jury were instructed on the law of circumstantial evidence. We deem the evidence sufficient to support the conviction.

Appellant filed an application for a continuance wherein he alleged that he was not ready for trial on account of the absence of several witnesses. We deem it unnecessary to discuss the materiality of the absent testimony. We have reached the conclusion that appellant failed to use sufficient diligence to obtain the presence of the witnesses. Appellant was arrested the 27th of October, 1928, and immediately released upon bond. He filed no application for process until November 6th, 1928. The court set the trial for November 5th, 1928. Appellant alleged in his application that he had not been represented by counsel, and that he had been too ill to attend to the details of having process issued for his witnesses. It appeared that he did not employ counsel until about the 5th day of November, 1928. The state properly controverted the facts affecting diligence and the court heard evidence on the issue thus joined. A continuance for absent witnesses is properly refused where want of due diligence is shown. Dunlap v. State, 275 S. W. 133. We are of the opinion that the learned trial judge did not abuse his discretion in concluding from the testimony heard by him that due and proper diligence had not been used to secure the presence of the absent witnesses.

Aside from the question of diligence, we note from the record that when the case was first called for trial a postponement was granted at the request of appellant. Under the facts stated appellant was mistaken in regarding the application as his first application. It has been often held by this court that, under the conditions shown here, the application must be regarded as a subsequent application. Brannon v. State, 1 S. W. (2d) 279, and authorities cited.

Hence it was necessary that it be averred in the application that the testimony expected from the absent witnesses could not be secured from any other source known to appellant. Article 544 C. C. P.; Brannon v. State, supra. In omitting this statutory requisite the application was fatally defective.

If the application had been legally sufficient, we are of the opinion that in view of the entire record the learned trial judge would not have abused his discretion in overruling the motion for a new trial insofar as it was based upon said application. Mr. Branch, in his Annotated Penal Code of Texas, section 319, states the rule thus:

"It is not in every case, however, where the absent testimony is material and probably true, that the appellate court will revise the ruling of the trial judge in denying a continuance and a new trial to defendant. It is only in a case where, from the evidence adduced on the trial, the appellate court is impressed with the conviction, not merely that the defendant might possibly have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted."

Appellant complains of the action of the court in permitting the officers to testify touching the result of the search. We deem it unnecessary to discuss the ground of objection set forth in the bill of exception. Appellant's wife testified on direct examination that appellant possessed the beer found by the officers in his residence. She stated, however, that appellant was using it for medicinal purposes. Having elicited from his wife the same criminative facts testified to by the officers relative to the beer found in appellant's residence, appellant is in no position, even if the testimony of the officers was improperly received, to assert that the error was harmful. Frey v. State, 3 S. W. (2d) 459. The whiskey was found on premises not belonging to appellant. The right therefore to complain because of the search of the premises not belonging to appellant was not available to appellant. Jenkins et al. v. State, 299 S. W. 642.

The state subpoenaed the witness Powell. It was not seen fit by the state to place the witness on the stand. Appellant used him as his witness. Bill of exception Number 23 as qualified by the court shows that the witness testified on direct examination that he had never at any time bought any beer from appellant and was never present when anybody else bought intoxicating liquor from appellant. After the witness had given this testimony the state offered

in evidence his grand jury statement wherein it was shown that the witness testified that he bought beer from appellant about May 1st, 1928. Appellant objected to the introduction of the grand jury statement on the ground that the state was attempting to question the witness in reference to a collateral matter. The grand jury statement of the witness was in conflict with his testimony given at the instance of appellant on the trial of the case. It is the rule that a witness may be impeached on a material matter by proof of the fact that he made statements before the grand jury which are in conflict with his testimony given on the trial. Branch's Annotated Penal Code of Texas, section 177; Link v. State, 164 S. W. 987. In his charge the court properly limited the testimony so adduced as affecting the credibility of the witness.

Bill of exception Number 25 complains of the argument of the county attorney. As qualified by the court this bill shows that the argument was invited by appellant's counsel, and we must overrule appellant's contention that reversible error is shown.

Twenty-eight bills of exception are found in this record. We have not undertaken to discuss each bill, but have carefully examined all of appellant's contentions and fail to find reversible error.

Finding no error warranting a reversal, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing which exhibits care and research, but we are not able to agree with any of the contentions made.

Regardless of whether the application for continuance be held a first or a second application, the diligence is wanting. While an application for witnesses appears to have been made within a short time after appellant was arrested, in the controversy of diligence filed by the State appears the statement that this application was not filed in this case but in a companion case. We have to conclude that the trial court found against appellant on the issue of diligence. The record also shows several requests for postponement by the appellant, and that the case was postponed from time to time.

When the State meets an objection to testimony relative to the finding of liquor in the appellant's house, or possession, which rests upon the illegality of the search therefor, by a showing that other witnesses gave the same, or substantially the same, testimony as that given by the officers in relating the result of their search, it is not deemed necessary that the witnesses other than the officers should go so far as to state that the liquor found was intoxicating. In this case the officers testified to finding a quantity of beer, and appellant's wife also testified that the officers found said beer. It was not necessary that the wife testify that the beer was intoxicating in order to bring the case within the rule above referred to.

The bill of exceptions complaining of argument sets forth in the objections made to such argument that the same was without support in the testimony, but this amounts to no more than a mere statement of a ground of objection. The court does not certify in his approval of the bill, nor does the bill otherwise make apparent, the fact that there was no testimony upon which such argument had foundation.

We have again reviewed the complaints of the charge of the court and without discussing same in detail, are of opinion that the charge was a fair presentation of the law applicable to the facts in the case. We do not think any of same calculated to mislead the jury, or that the jury misunderstood the language of the trial court.

We do not regard it as necessary that the court should instruct the jury that the fact of an indictment being returned, is not evidence of guilt. There is no showing in the record that any juror so far failed of what any intelligent juror ought to know, as to make necessary the giving of such instruction.

The motion for rehearing will be overruled.

*Overruled.*