**BURKE v. UNITED STATES.**
No. 7987.

Circuit Court of Appeals, Fifth Circuit.
June 2, 1936.

John M. Johnson and Joseph H. Blackshear, both of Gainesville, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and I. K. Hay, Asst. U. S. Atty., both of Atlanta, Ga.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Convicted and sentenced under internal revenue laws for possessing intoxicating liquor tax unpaid, Burke appeals. No question is made of the sufficiency of the evidence to sustain the verdict and there are but two errors claimed. One is in respect to a charge given; the other, to a charge refused. The given charge touches the issue of entrapment, appellant's sole defense. No objection was made to its giving, no request was made to amend it, nor was any exception taken. It is claimed of it, though, that its erroneous and prejudicial character is so plain and so grievous that its giving must be held reversible error, though unexcepted to. The refused charge was to the effect that the indictment was not and should not be considered by the jury as any evidence of defendant's guilt.

The evidence overwhelms, indeed Burke on the stand admitted, that tax unpaid liquor in considerable quantities was on his premises and in his possession. His defense was that he had been entrapped by government officers into bringing it there. His testimony and that of other witnesses showed that in times past he had been engaged in selling illicit liquor and had had two cases for whisky against him in the federal court. · His defense was that more than two years before, he had abandoned

and turned away from these practices, and for two years past had had nothing to do with them. His action in negotiating the sale of the liquor in question and in gathering it up at his home was, he claimed, induced by the fraud, deceit, and entrapment of officers who had approached him to buy.

On this issue of entrapment the court instructed:

"The defendant, Hubert Burke, tenders the defense of entrapment, and it therefore becomes necessary for the Court to explain to you what is meant by entrapment, and instruct you with reference to the law relative to it.

"Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion or fraud of the officer. Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who has not engaged in the unlawful undertaking of the kind in question, and would not have perpetrated it except for the trickery, persuasion, or fraud of the officer, and if you find from all the evidence such to be the case, why then the defendant, Hubert Burke, would be entitled to an acquittal.

"But on the other hand, where an officer of the law has reason to believe that the law is being violated he may ascertain whether or not those who are thought to be doing so are actually committing it. If the officer of the Government acts in good faith and in the honest belief that the defendant is engaged in the unlawful business of which the offense in the indictment is a part, and the purpose of the entrapment is not to induce an innocent man to commit the crime, but to secure evidence upon which a man who has previously been guilty of an offense of the kind charged can be brought to Justice—the defense in this case of entrapment would then be without merit. The fact that the officer of the Government in such a case used a decoy, if he did, in the commission of the crime in order to successfully prosecute him therefor, would constitute no defense to such a prosecution."

■ The part of this charge of which appellant here complains is the statement in it that, if "the purpose of the entrapment is not to induce an innocent man to commit the crime, but to secure evidence upon which a man who has previously been guilty of an offense of the kind charged can be brought to justice, the defense in this case of entrapment would then be without merit." The point made is that in view of Burke's admitted previous record as an illicit liquor dealer, the effect of this language was to instruct the jury that Burke could not claim entrapment.

We do not think the language of the charge complained of, when fairly considered, has this meaning. Taken in connection with the balance of the charge, it should, and we think would, reasonably be construed as instructing that while a man innocent of intent to commit crime would not be guilty if entrapped into committing it by the persuasion and inducement of officers, one, having in his own mind the guilty desire and intent to commit the crime if the opportunity presented, could not claim entrapment where officers merely furnished him that opportunity. It would appear, since no exception was taken to it, that the defendant, satisfied with the charge, took it as meaning this, and so taking it, took no steps to add to or correct it. Certainly we cannot find it so clearly erroneous and prejudicial as to justify a reversal for error in the absence of exception. The assignment is overruled.

■ Nor, though appellant did except to the refusal to give this charge, do we think he stands in any better case on his other assignment, on the refusal of the charge he requested. This is the charge: "I also charge you that the fact that the Government has accused the defendant in writing by the indictment of the alleged offense does not overcome or impede the prima facie presumption of innocence of the defendant. The indictment itself is a mere formal accusation, and you are not to consider it as evidence of guilt, and you shall not suffer yourselves to be influenced by the fact that the indictment was returned against the defendant."

It may not be doubted that the charge could properly have been given, nor that under some circumstances it has been held reversible error not to give it. Cooper v. United States (C.C.A.) 9 F.(2d) 216, 226; Nanfito v. United States (C.C.A.) 20 F. (2d) 376, 378. Nor, on the other hand, may it be doubted that in and of itself it is not such an instruction as that the refusal to give it necessarily and at all events is error. Adams v. State, 113 Tex.Cr.R. 501, 21 S.W.(2d) 1057; Williams v. State, 184 Ark. 622, 43 S.W.(2d) 731; Pelham v.

State, 24 Ala.App. 330, 134 So. 888. In this case defendant admitted doing the thing charged in the indictment, that is, possessing tax unpaid liquor. His real de-- fense was entrapment. That issue had been definitely and fairly presented in connection with a general charge which vigorously and affirmatively gave the defendant the benefit of the presumption of innocence. Said the trial court: "The defendant comes into court with the presumption of innocence in his favor, and this presumption remains with him throughout the trial, and until he may be shown to be guilty beyond reasonable doubt of the offense charged in the indictment." In addition, the jury was strongly charged in defendant's favor upon the effect of the evidence of good character to create a reasonable doubt. Narrowed as the issue was to the question of entrapment with which the indictment did not in terms deal, it cannot be said that the giving of the charge would have materially benefited the defendant, nor that the failure to give it prejudiced him.

The evidence fully supported the verdict. The case was fully and fairly tried. Ample opportunity was afforded defendant to develop and present his defense, and no reversible error in the conduct of the trial is pointed out.

The judgment is affirmed.