**Reynaldo Ortiz GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00022–CR.**

Court of Appeals of Texas,
San Antonio.

May 12, 1982.

Richard Miller, San Antonio, for appellant.

Bill White, Dist. Atty., Douglas V. McNeel, Asst. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

KLINGEMAN, Justice.

This is an appeal from a conviction of possession of a controlled substance, namely: heroin. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.04(a) (Vernon Supp. 1982). After the jury found appellant guilty of the charged offense, the trial court found appellant to be an habitual criminal and sentenced appellant to life imprisonment. Tex. Penal Code Ann. § 12.42(d) (Vernon 1974).

■ Appellant complains in his first ground of error that the trial court committed fundamental error in charging the jury in the disjunctive. The indictment alleged that appellant:

Reynaldo Ortiz Garcia did then and there knowingly *and* intentionally possess a controlled substance . . . .

The trial court's charge to the jury permitted the jury to find appellant guilty if he "knowingly *or* intentionally" possessed a controlled substance. Appellant contends that this disjunctive charge allowed the jury to find appellant guilty of alternative theories of mental culpability which went far beyond the allegations set forth in the indictment.

Appellant's first ground of error is without merit. Proof of either mental state (knowingly or intentionally) is sufficient to establish criminal responsibility for the offense of possession of a controlled substance, namely: heroin. Tex.Rev.Civ.Stat. Ann. art. 4475–15, § 4.04(a) (Vernon Supp. 1982). The Court of Criminal Appeals has addressed similar instances in which either mental state would provide the necessary mental culpability and the indictment's allegations read conjunctively while the jury charge reads disjunctively. In each of these instances the court has held that it is not error for the trial court to charge "intentionally *or* knowingly" in a case where the indictment reads "intentionally *and* knowingly." *See Ely v. State,* 582 S.W.2d 416, 421 (Tex.Cr.App.1979); *Hammett v. State,* 578 S.W.2d 699, 713 (Tex.Cr.App. 1979); *Cowan v. State,* 562 S.W.2d 236 (Tex.Cr.App.1978). *See also Robinson v. State,* 596 S.W.2d 130, 133–134 (Tex.Cr.App. 1980). Appellant's first ground of error is overruled.

■ In his second ground of error appellant contends that the trial court erred in overruling the appellant's challenge for cause to the Juror Singleterry. Singleterry stated that his decision probably would be affected if, during the course of the trial, appellant failed to testify in his own behalf. Singleterry said that he would feel this way even though the judge and the State pointed out that appellant did not have to testify in his own behalf and had the legal right not to do so. Following appellant's attorney's request that this venireman be excused, the court asked Singleterry whether he could follow the instructions by the court, which would include appellant's right to remain silent and not to testify in the case. In response, the juror stated that he would follow the instructions "as close as

[he] could." Thereafter, the court overruled appellant's challenge for cause as to Singleterry. Since a juror may be challenged for cause because of a bias against any law applicable to the case, *see* Tex.Code Crim.Pro.Ann. art. 35.16(c)(2) (Vernon 1966), appellant argues that the juror's final answer indicated that he would continue to allow his personal feelings to influence him with respect to the appellant's right to remain silent. Therefore, the trial court should have sustained appellant's challenge for cause.

The Court of Criminal Appeals has consistently held that in order to complain of the inclusion of a disqualified juror, the appellant must show he was injured or forced to proceed with an objectionable juror. *Brown v. State*, 508 S.W.2d 91 (Tex.Cr. App.1974); *Sifford v. State*, 505 S.W.2d 866 (Tex.Cr.App.1974); *Williams v. State*, 481 S.W.2d 119 (Tex.Cr.App.1972). The record reflects that appellant struck Singleterry from the jury when he exercised his ten peremptory challenges and failed to request an additional peremptory challenge. As a result, even if Singleterry was subject to challenge for cause, appellant may not be heard to complain that the trial court erred in overruling his challenge for cause because appellant has failed to establish that he was injured or forced to take an objectionable juror. *Sifford v. State*, 505 S.W.2d 866, 867 (Tex.Cr.App.1974). No error is shown. Appellant's second ground of error is overruled.

■ Appellant asserts in his third ground of error that the trial court erred in admitting into evidence two "pen packets" at the punishment stage of the trial, over the objection that the proper predicate for their admission had not been established, in that they had not been properly certified. Ac-

cording to appellant the certifications attached to State's exhibits 11 and 12 state:

> That I am the Record Clerk of the Texas Department of Corrections, a Penal Institute in the State of Texas, situated in the County and State aforesaid. That in my legal custody as such officer are the original files and records of persons heretofore committed in said institution: the (x) photograph, (x) fingerprints, and (x) commitment attached hereto are copies of the original records.

Appellant argues that such certification is insufficient to attest to the other documents included within the pen packets. Absent such certification, he contends these other documents were inadmissible and should not have been used by the trial court for the purpose of enhancing appellant's punishment.

The record does not support appellant's argument. Appellant has misstated the language used in the certifications attached to State's exhibits 11 and 12. The certifications state that they authenticate "the (x) photograph (x) fingerprints and (x) commitments, including judgment and sentence, of Reynaldo Garcia, . . . ."[1] Since these documents, including the prior judgments and sentences of appellant, were properly authenticated, they could be used by the trial court for the purpose of enhancing appellant's punishment. *See Cano v. State*, 614 S.W.2d 578, 580 (Tex.Cr.App.1981); *Todd v. State*, 598 S.W.2d 286, 293 (Tex.Cr.App. 1980). Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error states that the trial court erred in admitting State's exhibit seven, a laboratory report, because the proper predicate had not been laid. Before such reports are admissi-

---

1. Both certifications attached to the Statement of Facts and as read into the record provide the following:

   I, Billy R. Ware, hereby certify that I am the Record Clerk of the Texas Department of Corrections, a penal institution of the State of Texas, situated in the County and State aforesaid. That in my legal custody as such officer are the original files and records of persons heretofore committed to said institution: that the (x) photograph (x) fingerprints

   and (x) *commitments, including judgment and sentence*, of Reynaldo Garcia, TDC No. 217924, Cause No. 71–500–A a person heretofore committed to said penal institution and who served a term of imprisonment therein: that I have compared the attached copies with their respective originals now on file in my office and each thereof contains, and is a full, true and correct transcript and copy from its said original. (Emphasis added.)

ble, Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1982) requires the proponent to show that:

> It was the regular course of that business for an employee or representative of such business *with personal knowledge* of such act, event or condition to make such memorandum . . . .

*Id.*[2] Appellant argues that the closest the State came to meeting the requirement of personal knowledge consisted of the testimony of the State's witness which asserted that he "guessed" the person who made State's exhibit seven had personal knowledge of the results of tests reported in the exhibit.

The State offered the testimony of William J. Wilson, Jr., the Chief Forensic Toxicologist and Chief Chemist of the Bexar County Medical Examiner and for the Bexar County, City of San Antonio, Regional Crime Laboratory, to authenticate and lay a predicate for the introduction of State's exhibits six and seven as required by Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1982). The two exhibits are copies of reports brought to the trial court by Wilson stating the substance submitted to the laboratory was heroin. State's exhibit six is a copy of the results of a test conducted by Jesse Almaguer and State's exhibit seven is a copy of the formal report of the results of the test conducted by Jesse Almaguer which Wilson sent to the District Attorney's Office.

Wilson testified that Jesse Almaguer had been working for him for at least two years when the reports were made but was not so employed at the time of the trial. Further, Wilson testified that he had the care, custody, and control of all the records in his laboratory. He stated that it is in the regular course of business in the crime lab for the chemist who conducts the experiments and has personal knowledge of the experiments to make a memorandum of the test at or near the time of the test. Mr. Miller identified State's exhibit six as the results of a test conducted by Jesse Almaguer. He stated that he knew Almaguer made the test because he signed the report and it is a set practice for the person who makes the test and writes the report to sign the report. Wilson then identified State's exhibit seven as the formal report he sent to the District Attorney's Office. Such report was completed near the time of the test made by Almaguer and was made and sent to the District Attorney's Office in the regular course of business. Wilson testified that the report was signed by Jesse Almaguer and himself. In response to the question whether the person who made State's exhibit seven has personal knowledge of the results contained therein, Wilson stated, "I guess he does." At this point appellant's attorney objected, stating that the witness was offering conclusions, and that since the witness did not make the report, he could not say that someone had personal knowledge at the time the report was made. The trial court received State's exhibits six and seven into evidence over appellant's objection based upon the State's failure to lay a proper predicate under the Business Records Act. Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1982).

On appeal appellant's objection is based upon the sufficiency of Wilson's answer, "I guess he does," to the question whether the person who made State's exhibit seven had personal knowledge of the results obtained therein. Appellant argues that such testimony was not sufficient proof to establish personal knowledge and to lay the proper

---

2. Known as the Texas Business Records Act, Tex.Rev.Civ.Stat.Ann. art. 3737e, § 1 (Vernon Supp. 1982), states:

> A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:
> (a) It was made in the regular course of business;

> (b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;
> (c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.
>
> *Id.*

predicate for the admissibility of the exhibit. As a result, he contends, the exhibit was introduced into evidence on the mere conjecture of the witness.

Appellant's objection at trial contradicts his ground of error presented on appeal. Following Wilson's answer "I guess he does" appellant's attorney objected, stating that "[s]ince the witness did not make the report personally, I do not see how he can say that someone has personal knowledge at the time the report was made." Appellant's objection indicated that he understood Wilson's response to be an affirmation to the effect that Jesse Almaguer had personal knowledge of the report. The trial judge overruled appellant's objection, allowed testimony to establish that exhibit seven was made near the time the test was conducted by Almaguer, and then admitted the exhibit into evidence. From this we must presume that the trial judge also understood Wilson's response to be an affirmative statement that the person who made the report has personal knowledge of the results contained therein. Further, section 2 of article 3737e states that the provision of section one "may be proved by the testimony of the instant custodian or other qualified witness even though he may not have personal knowledge as to the various items or contents of such memorandum or record." Tex.Rev.Civ.Stat.Ann. art. 3737e, § 2 (Vernon Supp. 1982). Therefore, we conclude that the testimony sufficiently established that exhibit seven was made by someone with personal knowledge of the results contained therein. Since appellant did not challenge the other requirements of article 3737e, we find that the proper predicate was laid in order to admit State's exhibit seven into evidence. *See Coulter v. State*, 494 S.W.2d 876 (Tex.Cr.App.1973). Appellant's fourth ground of error is overruled.

■ Appellant's fifth ground of error asserts that the trial court erred in admitting into evidence State's exhibit seven because it had been prepared for the instant litigation. We disagree. In *Coulter v. State*, 494 S.W.2d 876 (Tex.Cr.App.1973), the Court of Criminal Appeals pointed out

All law enforcement agencies in the regular and ordinary course of their activities, in almost every criminal case, now make and keep offense report records. These records meet the formal requirements of the Business Records Act, but such records should not be automatically admitted.

*Id.* at 884. Rather,

It must be determined in each instance whether the particular record is of such trustworthiness as to guarantee the same protection provided by the constitutional right of confrontation. The particular record and its relationship to the particular case in which it is offered are a part of the circumstances to be considered in determining whether the record has the indispensable fundamental trustworthiness necessary for its admission into evidence.

*Id.* at 884. We have examined State's exhibit seven and have determined that it is a laboratory report setting out the same test results as shown in State's exhibit six. Therefore, in addition to meeting the formal requirements for admissibility under the Business Records Act as established in deciding appellant's fifth ground of error, we find that exhibit seven had the trustworthiness necessary to support its admissibility and was not made merely for the instant litigation. *See Coulter v. State, supra.* Appellant's fifth ground of error is overruled.

Appellant complains in his sixth ground of error that the trial court erred in overruling appellant's objection to the trial court's charge and appellant's requested instruction. Appellant requested the following jury instruction:

You are instructed that the fact that a defendant has been arrested, confined, indicted for, or otherwise charged with a criminal offense gives rise to no inference of guilt at the defendant's trial.

Appellant contends that his requested charge covered "the entire gamut of prejudicial inferences which could influence the jury" as required by Tex.Penal Code Ann. § 2.01 (Vernon 1974), while the instructions given by the trial court and objected to by

appellant failed to include all the necessary language to protect appellant's rights. Therefore, he argues, the failure of the trial court to sustain his objection prejudiced his rights to such an extent as to require a new trial.

Appellant's contention is without merit. Although it is reversible error for the trial court, over the objection of the defendant, to fail to charge upon the presumption of innocence, *Green v. State*, 144 Tex.Cr.R. 186, 161 S.W.2d 114, 116 (1942), the Court of Criminal Appeals has found no error where the trial court failed to instruct that the information or the indictment is not evidence of the defendant's guilt. *Magness v. State*, 156 Tex.Cr.R. 573, 244 S.W.2d 810 (1952); *Adams v. State*, 113 Tex.Cr.R. 501, 21 S.W.2d 1057 (1929). Since one of the prejudicial inferences of section 2.01 is the indictment of defendant, we find no error as a result of the trial court's failure to instruct on all the prejudicial inferences of section 2.01. The standard for determining the sufficiency of the court's instruction is whether "the charge was a fair presentation of the law applicable to the facts of the case." *Adams v. State*, 113 Tex.Cr.R. 501, 21 S.W.2d 1057, 1060 (1929). The jury in this case was adequately instructed on the presumption of innocence, as well as the fact that the indictment is not evidence of appellant's guilt. Appellant's sixth ground of error is overruled.

Appellant's seventh ground of error asserts that the trial court erred in not granting appellant's motion for a mistrial when appellant was seen in custody of the sheriff and being placed in a paddy wagon. Appellant alleges that at least one juror saw appellant in custody of the sheriff and being placed in the paddy wagon. Relying upon *Walthall v. State*, 505 S.W.2d 898 (Tex.Cr.App.1974), appellant argues that this prejudicial occurrence negated appellant's presumption of innocence due to the appearance that appellant is a dangerous man who must be closely secured.

A review of the record indicates that only one juror saw the appellant in the custody of the sheriff, but did not see him placed in the paddy wagon. In response to whether this encounter affected the juror's verdict, the juror stated that her verdict was not affected in any way. The record does not reflect that appellant was handcuffed at the time he was seen by the juror while in the custody of the sheriff. The case relied upon by appellant to support his argument that the incident deprived him of his presumption of innocence, however, involved a defendant who "was brought into the courtroom by the sheriff in handcuffs and *further bound by a chain 6½—7 feet in length." Walthall v. State*, 505 S.W.2d 898 (Tex.Cr.App.1974).

Even if appellant was handcuffed at the time in question, we point out that this is not a situation where the appellant in handcuffs was brought into the courtroom and displayed in front of the jurors, thereby infringing upon his constitutional presumption of innocence. *See Moore v. State*, 535 S.W.2d 357 (Tex.Cr.App.1976); *Walthall v. State*, 505 S.W.2d 898 (Tex.Cr.App.1974). Rather, it is a situation where appellant was seen in the custody of the sheriff, possibly with handcuffs, for the purpose of being transported to and from the courtroom. Since appellant failed to make an affirmative showing of prejudice, we find that the juror's brief encounter with appellant did not violate appellant's presumption of innocence. *See Wright v. Texas*, 533 F.2d 185 (5th Cir. 1976). Appellant's seventh ground of error is overruled.

The judgment is affirmed.