**649-15**

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

==========================

PD-0649-15

==========================

| | | |
|---|---|---|
| JASON EARL WOOLEY | § | APPELLANT/PETITIONER |
| V. | § | |
| | § | |
| THE STATE OF TEXAS | § | APPELLEE/RESPONDENT |
| | § | |

On Petition For Discretionary Review from

The Fourteenth Court of Appeals in No.14-06-00088-CR

Affirming the Conviction in No.997,161 from

The 176th Judicial District of Harris County, Texas

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

JASON EARL WOOLEY
ELLIS I UNIT - TDC#1348672
1697 FM 980
HUNTSVILLE, TEXAS 77343

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant/Petitioner desires not to make oral argument.

## NAMES OF INTERESTED PARTIES

Pursuant to TEX.R.APP.P. 38.1(a), Appellant submits that the following are interested parties:

Jason Earl Wooley, Appellant- Pro se,
TDCJ-ID #1348672
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

Honorable Brian Rains, Judge Presiding
176th District Court of Harris County,
1201 Franklin, 19th Floor
Houston, Texas 77002

Eileen Bogar, Assistant District Attorney
Trial Division
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| STATEMENT REGARDING ORAL ARGUMENT | 2 |
| NAMES OF INTERESTED PARTIES | 3 |
| TABLE OF CONTENTS | 4 |
| INDEX OF AUTHORITIES | 5 |
| STATEMENT OF THE CASE | 6 |
| ISSUES PRESENTED | 7 |
| STATEMENT OF FACTS | 7,8 |
| ARGUMENT AND AUTHORITIES ISSUE NO.1 | 8,9 |
| ARGUMENT AND AUTHORITIES ISSUE NO.2 | 9 |
| ARGUMENT AND AUTHORITIES ISSUE NO.3 & 4 | 9 |
| ARGUMENT AND AUTHORITIES ISSUE NO.5 | 9 |
| CONCLUSION AND PRAYER | 10 |
| CERTIFICATE OF SERVICE | 10 |

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**                                    **PAGE**

Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.2781,2789(1979) 9
Cole v. Arkansas, 333 U.S. 196 (1948)                                     9


**5TH CIR. CASES**

Santellan v. Cockrell, 271 F.3d 190 (5th Cir. 2001)                       9


**TEXAS COURT OF CRIMINAL APPEALS CASES**

Malik v. State, 953 S.W.2d 234, 239-40 (Tex.Crim.App.1997)          8
Wooley v. State, 273 S.W.3d 260, 271-73 (Tex.Crim.App. 2008)        8
Lowry v. State, 692 S.W.2d 86,87 (Tex.Crim.App.1985)               8
Johnson v. State, 673 S.W.2d 190, 194 (Tex.Crim.App.1984)          8
*Peddicord v. State, 942 S.W.2d 100, 103 (Tex.App.-Amarillo 1997 8
*Wooley v. State, 223 S.W.3d 732 (Tex.App.-Houston 2007            8
*Garcia v. State, 634 S.W.2d 888, 893 (Tex.App.-San Antonio 1982 9
Brooks v. State, 323 S.W.3d 893, 894-95 (Tex.Crim.App.2010)         9


*Texas Court of Appeals

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW JASON EARL WOOLEY, Appellant, acting Pro se, and files this petition/brief in support of my prayer that the judgment of the Court of Appeals be vacated, and that I be granted a new trial or punishment hearing or that the case be remanded to the Court of Appeals for further review.

## STATEMENT OF THE CASE

Appellant was convicted by a jury of murder, upon a plea of **not guilty**. The same jury found two enhancement paragraphs to be true and assessed punishment at forty [40] years confinement in the Texas Department of Criminal Justice, Institutional Division. Judgment was rendered January 11, 2006, by the 176th District Court of Harris County, Texas, in Cause Number 997,161. The trial court certified Appellant's right to appeal and Appellant gave timely Notice of Appeal.

Appellant's conviction was affirmed by a three-justice panel of the Fourteenth Court of Appeals in a majority opinion delivered May 1, 2007. Appellant filed a "Petitioner for Discretionary Review" from the Court of Appeal's opinion. This Honorable Court granted Appellant's petition for discretionary review. Appellant's brief, pursuant to this Honorable Court's granting Appellant's Petition for Discretionary Review is timely filed on August 15,2015, by sending it via certified U.S. Mail # 7013 1710 0001 0996 3411, return receipt requested, addressed to the Clerk of the Court of Criminal Appeals in Austin, Texas.

6

## ISSUES PRESENTED

1. Did the appellate court error in finding that the trial court found Appellant guilty of murder beyond a reasonable doubt when none of the evidence proved the fatal shot came from Appellant's gun, and the State's witnesses testified that Appellant only fired one shot into the ground?

2. Did the appellate court error in finding that the evidence was sufficient to support a conviction of murder?

3. Did the appellate court error in affirming Appellant's conviction knowing that appellant's due-process rights were violated when the court of appeals affirmed the conviction under the unsubmitted theory that appellant aided " another " to murder the complainant?

4. Did the appellate court error in finding that the State presented evidence from which the jury could have **REASONABLY CONCLUDED APPELLANT SHOT AND KILLED THE COMPLAINANT**?

5. Did the appellate court error in finding that the Appellant's Federal due process was̆ violated when Appellant's conviction was affirmed based upon facts not submitted to the jury.

## STATEMENT OF FACTS

A jury found appellant, guilty of murder and sentenced him to confinement for forty years in the TDCJ. The Court of Appeals originally affirmed appellant's conviction, finding the evidence

7

was legally and factually sufficient when viewed using a hypothetically correct jury charge pursuant to Malik v. State, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). See Wooley v. State, 223 S.W.3d 732 (Tex. App.- Houston [14th Dist.] 2007, pet. granted). The Court of Criminal Appeals reversed and remanded, holding that this court's use of a hypothetically correct charge violated appellant's federal due process rights by affirming the judgment on a theory not submitted to the jury. See Wooley v. State, 273 S.W.3d 260, 271-73 (Tex. Crim. App. 2008). Then the Court of Appeals again affirmed the trial court's verdict. Appellant filed a writ of habeas corpus and proved to this Court that Counsel had not provided appellant with notice of his right to file a timely PDR. Thereafter, this Court granted appellant his right to file an out-of-time PDR.

## ARGUMENT AND AUTHORITIES ISSUE NO.1

The police could not determine which of the named suspects fired the fatal shot or even which caliber gun caused the complainant's death. The U.S. supreme court has held that it is a violation of the due process clause of the U.S. Constitution 14th Amendment to shift the burden of proof in a criminal case to the defendant. Lowry v. State, 692 S.W.2d 86,87 (Tex.Crim.App.1985).

It is incumbent on the State to prove every element of the offense byond a reasonable doubt. This is true whether the State is relying upon circumstantial or direct evidence. Johnson v. State, 673 S.W.2d 190, 194 (Tex.Crim.App. 1984); See also Peddicord v. State, 942 S.W.2d 100, 103 (Tex.App.-Amarillo 1997, no pet.).

8

It is reversible error for the trial court, over the objection of the defendant, to fail to charge upon the presumption of innocence. Garcia v. State, 634 S.W.2d 888, 893 (Tex.App.-San Antonio 1982 no pet.).

## ARGUMENT AND AUTHORITIES ISSUE NO.2

When the Court of Appeals made a finding that Appellant murdered complaintant without supporting sufficient evidence did the Appellate court error in violating Jackson v. Virginia; Brooks v. State, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010);Santellan v. Cockrell, 271 F.3d 190 (5th Cir. 2001).

## ARGUMENT AND AUTHORITIES ISSUE NO.3 & 4

Did the Appellate Court error by affirming Appellant's conviction even knowing that the right to a jury trial is not satisfied when the appellant's jury was provided a different theory and instructions than was ever presented to the jury? Appellate courts are not permitted to affirm convictions on any theory they please simply because the facts necessary to support the theory were presented to the jury. The Appellate Court violated Cole v. Arkansas, 333 U.S. 196 (1948), by doing this.

## ARGUMENT AND AUTHORITIES ISSUE NO.5

Did the Appellate Court error when denying Appellant's right to due process under the federal constitution when it affirmed appellant's conviction knowing that the facts used to obtain the conviction had not been submitted to the jury?

9

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays this Honorable Court will vacate the judgment of the Court of Appeals, reverse Appellant's conviction so that a new trial be held or the case be remanded for reconsideration. Additionally, Appellant prays for all other relief deemed appropriate.

Respectfully submitted,

JASON EARL WOOLEY, #1348672
APPELLANT, PRO SE
O.B. ELLIS UNIT
1697 FM 980
HUNTSVILLE, TEXAS 77343

## CERTIFICATE OF SERVICE

This is to certify that a true and correct original copy of the foregoing has been mailed to the Clerk of the Texas Court of Criminal Appeals by U.S. mail system, on this the __18__ day of August 2015.

JASON EARL WOOLEY, #1348672
APPELLANT, PRO SE

10

Affirmed and Memorandum Opinion on Remand filed October 22, 2009.



In The

## 𝔉ourteenth Court of Appeals

_____

NO. 14-06-00088-CR

_____

JASON EARL WOOLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 997,161

## MEMORANDUM OPINION ON REMAND

A jury found appellant, Jason Earl Wooley, guilty of murder and sentenced him to confinement for forty years in the Institutional Division of the Texas Department of Criminal Justice. This court originally affirmed appellant's conviction, finding the evidence was legally and factually sufficient when viewed using a hypothetically correct jury charge pursuant to *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). *See Wooley v. State*, 223 S.W.3d 732 (Tex. App.—Houston [14th Dist.] 2007, pet. granted). The Court of Criminal Appeals reversed and remanded, holding that this court's use of a hypothetically correct charge violated appellant's federal due process rights by affirming

the judgment on a theory not submitted to the jury. *See Wooley v. State*, 273 S.W.3d 260, 271-73 (Tex. Crim. App. 2008). Because we find that the evidence is sufficient to support the verdict, we affirm.

## Factual and Procedural Background

An indictment charged appellant with murdering the complainant by shooting him with a firearm.[1] The State presented evidence from which a jury could rationally find that appellant participated in an "ambush" of three unarmed men after luring them into a pool hall parking lot. The attack began when appellant shot his 9-millimeter pistol into the ground as two of the intended ambush victims approached him. The complainant waited in a car in the parking lot. Immediately afterwards, other shots were heard coming from different locations in the parking lot. Shots seemed to be coming from everywhere. Appellant fired several more shots at the two men who had initially approached him. The complainant was fatally wounded, and another victim was wounded but not killed. Appellant and another person got into a car and drove off. The man accompanying appellant was Pablo Velez, identified as one of the shooters. One 9-millimeter shell casing matching appellant's pistol was recovered from the scene.

The police investigation identified four potential suspects as the shooters. Only appellant and Velez were identified by witnesses at trial as shooters. Police investigators concluded that four shooters using at least three different caliber guns were involved in the attack. Because the fatal bullet was not recovered, police could not determine which caliber gun killed the complainant.

The jury was instructed that it could convict appellant as a principal or as a party to Velez's actions in firing the fatal shot. The jury convicted appellant of murder "as charged in the indictment." On appeal, appellant argued that the evidence is factually insufficient to support his conviction. We decided that the submitted charge incorrectly applied the law of

---

[1] The facts surrounding the shooting are more fully described by the Court of Criminal Appeals. *See Wooley*, 273 S.W.3d at 261-66.

parties based on the evidence in that it authorized appellant's conviction as a party upon a finding that appellant aided only Velez in causing the complainant's death. A hypothetically correct jury charge should have authorized appellant's conviction as a party if the jury found that appellant aided Velez "or another person" in causing the complainant's death.[2] *See id.* Measured against this hypothetical party's charge, we found the evidence factually sufficient to support a finding of appellant's guilt as a party. *See Wooley*, 223 S.W.3d at 737-39.

On petition for discretionary review, the Court of Criminal Appeals held that although *Malik* applies to factual sufficiency reviews, appellant's federal due process rights were violated when we affirmed appellant's conviction under the unsubmitted theory that he aided "another" to murder the complainant. 273 S.W.3d at 271. The Court of Criminal Appeals further held that this due process violation is not subject to a harm analysis. The case was remanded so that we could determine whether the judgment may be affirmed on the facts submitted to the jury based on the charge actually submitted, that is, whether sufficient evidence supports the jury's verdict that appellant murdered the complainant either as the principal actor or as a party to Velez's actions.[3]

## Analysis

When reviewing the legal sufficiency of evidence, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995).

---

[2] *See Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997) (holding that an erroneous jury instruction is irrelevant to a sufficiency review and that a "hypothetically correct jury charge" should be applied to the review).

[3] Appellant's due process claim challenged this court's review of both the legal and factual sufficiency of the evidence. Therefore, we have reviewed the evidence for legal and factual sufficiency.

3

In a factual sufficiency review, we consider all the evidence in a neutral light and reverse if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust, or the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *See Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

Murder requires knowing or intentional conduct, which means either (a) a conscious desire to engage in the conduct causing the result, or (b) an awareness that the conduct is reasonably certain to cause the result. Tex. Penal Code Ann. § 19.02 (Vernon 2003); *see also Arnold v. State*, 234 S.W.3d 664, 670 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding jury may presume intent to kill from use of a deadly weapon).

The State presented evidence from which the jury could have reasonably concluded appellant shot and killed the complainant. Appellant's firearm was not excluded as the weapon firing the fatal shot. One fired bullet and fifteen spent shell casings collected at the scene were admitted into evidence. Although only one shell casing was recovered from a 9-millimeter weapon, both crime scene officers testified that additional casings could have been present immediately after the shooting, but they were removed from the scene before officers could recover them. Witnesses saw appellant fire his weapon multiple times in the parking lot. The complainant and another party to the ambush were both shot in the back during the shoot-out. There was testimony that one or more of the shooters was "chasing the victims" and that appellant followed the surviving shooting victim and continued to shoot at him. The surviving victim was certain appellant shot him. The circumstances of the ambush provide sufficient evidence that appellant intended to cause serious bodily harm and that his actions were clearly dangerous to human life. There is no dispute that the complainant died as a result of the shoot-out. Police investigators and another witness described where the shooters stood and how they moved during the shooting. The crime scene video and diagram of the location showed where shell casings and bloody clothing were recovered. Based on these witnesses' descriptions of the shooting scene, the jury

could have reasonably concluded that appellant was the only person in a position to shoot and kill the complainant.

Alternatively, the evidence is legally and factually sufficient to support appellant's conviction as a party to Velez's actions. A person may be found guilty as a party to an offense if he is criminally responsible for the conduct of the person who committed the offense. Tex. Penal Code Ann. § 7.01(a) (Vernon 2003). A person is criminally responsible for the offense committed by another's conduct if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2). In making this determination, the fact finder may look to events that occurred before, during, or after the offense, and may rely on acts showing an understanding and common design. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1997). "An agreement of parties to act together in a common design can seldom be proved by words, but reliance can often be had on the actions of the parties showing an understanding and a common design to do a certain act." *Wygal v. State*, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977). Therefore, participation in an enterprise may be inferred from the circumstances and need not be shown by direct evidence. *Id.; Thomas v. State*, 915 S.W.2d 597, 599 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

We examine the record for evidence that would allow a rational juror to find beyond a reasonable doubt that: 1) Pablo Velez, Jr. intentionally or knowingly caused the death of complainant, or, intending to cause serious bodily injury to complainant, caused his death by intentionally or knowingly committing an act clearly dangerous to human life; 2) appellant had the intent to promote or assist the commission of the murder; and 3) appellant solicited, encouraged, directed, aided or attempted to aid that person in the commission of the murder.

First, the evidence is legally sufficient to show that Velez intentionally shot and killed the complainant or caused his death by intentionally or knowingly committing an act clearly dangerous to human life. A witness identified Velez from a photo array as one of

the shooters.[4] There was testimony that in addition to firing his weapon during the attack, Velez chased down the intended victims. A police investigator described Velez's location at the shooting scene and where the shells from his weapon were found. According to the testimony of the witnesses, as well as the analysis of the investigating officers, the gunfire appeared to be in the nature of an ambush. The circumstances of the shooting—a reckless shoot-out without regard for the safety of people in the parking lot—provide sufficient proof that the person who fired the fatal shot intended to kill or do serious bodily injury, and it was undisputed that the gunshot wound received during the shootout caused the complainant's death.

Next, we determine whether the evidence is legally sufficient to establish that appellant intended to promote or assist the murder. Even though, as appellant points out, no direct evidence of a plan exists, circumstantial evidence showed a plan. Appellant and Velez were known associates; both frequented the pool hall and may have worked there as bouncers. Appellant challenged one of the ambush victims to a fist fight, thereby drawing him to the pool hall. Immediately after appellant fired his first shot into the ground, more gunfire was heard and seen coming from gunmen in the parking lot. Witnesses identified Velez as one of the shooters. According to witness testimony, appellant followed two individuals into the parking lot and fired multiple rounds at them as they fled. Appellant was also seen leaving the scene of the crime in a Cadillac along with a gunman from the parking lot, who was later identified as Velez. A police investigator testified that the coordination of the gunmen showed that the ambush was planned. This evidence is legally sufficient to allow a rational juror to conclude beyond a reasonable doubt that appellant

---

[4] Appellant has argued that the testimony from a police investigator that the surviving victim's girlfriend (who he referred to as his "baby mama") identified Velez as a shooter should not be considered because it was hearsay that the witness did not corroborate during her trial testimony. The detective's testimony was admitted without objection, the jury was permitted to weigh and consider its probative value, and this court may consider it on review. See Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. App. 2005).

6

was involved with other gunmen as part of a coordinated attack without regard for the safety of anyone who may been with them.

The evidence is legally sufficient to show that appellant solicited, encouraged, directed, aided or attempted to aid the murderer in the completion of the offense. Appellant aided the ambush by having the message relayed that he wanted to fight one of the ambush victims. Immediately following appellant's first shot, gunfire erupted from one or more people already at the pool hall. Appellant furthered the ambush by shooting at the victims in the parking lot. During, or shortly after, the shooting, appellant and Velez were seen leaving in the same car. These facts are evidence that appellant actually aided the murderer. The fact that other shots were not heard or seen until appellant fired the first shot toward the ground suggests that he was aiding in the completion of the offense. All of this evidence taken together would allow a rational juror to conclude beyond a reasonable doubt that appellant did indeed aid or encourage the commission of the offense. The lack of direct evidence of a plan or agreement does not overwhelm the circumstantial evidence that appellant and Velez acted together pursuant to a plan. We hold the evidence was legally sufficient to support a verdict of guilty based on appellant's participation as a party.

Appellant presented no witnesses. Instead, he sought to cast doubt on the factual sufficiency of the evidence by attempting to impeach the testimony of several witnesses and by identifying inconsistencies in the evidence.[5] His cross-examination of the State's witnesses suggested that he fired only one initial shot into the ground just before the other shooters started firing their weapons. To support his position, he pointed to the evidence that the police recovered only one 9-millimeter shell casing at the scene. Appellant's cross-examination of the State's witnesses also suggested that he could have been misidentified as the one who got into the car with Velez just after the shooting stopped.

---

[5] An appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

7

Appellant identified these specific inconsistencies in the evidence:

- The trial testimony of the girlfriend of the surviving victim that appellant and Velez left together conflicted with her statement to police, in which she said she did not see appellant leave.

- The girlfriend and her friend, another witness at trial, had drunk several alcoholic beverages that evening.

- There was very little evidence of a connection between appellant and Velez and no direct evidence that they had conversations or planned the shooting.

- There was no evidence showing appellant's connection to the other gunmen such that they would participate in the shooting.

- The surviving victim testified that he was shot in the back, when medical records indicate he was shot in the stomach.[6]

- The surviving victim had committed two robberies and was in prison at the time of appellant's trial.

- Testimony conflicted regarding whether the surviving victim took his shirt off in anticipation of a fist fight as he approached appellant in the parking lot.

- Appellant's gun was not linked to the shot that killed the complainant.

The jury is the sole judge of the credibility of the witnesses and the weight to be given to the witnesses' testimony. *See Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). Unless the record clearly reveals that a different result is appropriate, an appellate court must defer to the jury's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, and the jurors were in attendance when the testimony was delivered. *Johnson v. State*, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).

It is the jury's responsibility to resolve conflicts in the evidence. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). The jury could have concluded that shooting a gun in the general direction of a group of people, which included the complainant, was reasonably certain to result in a death. *See Rojas v. State*, 171 S.W.3d 442, 447 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (finding the evidence legally and factually

---

[6] The records actually show the surviving victim had a "GSW to abdomen," and a drawing showed the entrance wound in the lower right back, with the exit wound on the lower right front of the abdomen.

sufficient to support a capital murder conviction for killing a 4-year old when the defendant fired in the direction of a group of people during a drive-by shooting, even though another person was also seen firing his weapon).

Appellant also argued the State failed to rule out other versions of events, primarily, the possibility that either of the two other gunman could have fired the fatal shot. The State is no longer required to negate every possible hypothesis to establish a defendant's guilt in circumstantial evidence cases. *See Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991) (en banc), *rev'd on other grounds*, 938 S.W.2d 718 (Tex. Crim. App. 1996).

When we view the evidence in a neutral light, which we must in a factual sufficiency review, the great weight and preponderance of the evidence does not contradict the jury's verdict. *See Watson*, 204 S.W.3d at 417. Therefore, we conclude that the evidence is factually sufficient to sustain appellant's conviction.

## Conclusion

Having determined that legally and factually sufficient evidence supports the jury's verdict, we affirm the judgment of the trial court.

/s/    Adele Hedges
       Chief Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Sullivan.
Do Not Publish — Tex. R. App. P. 47.2(b).

9

Jason E. Wooley, #1348672
Ellis unit
1697 Fm 980
Huntsville, Texas 77343

Legal Mail

Clerk,
Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711